### EDWARDS vs. BEEBE.

It *seems* there is no uniform rule of damages to apply to the various cases in *tort* which continually come before the courts for adjudication.

The courts do not, however, favor the doctrine of giving any thing more than the necessary and unavoidable damages in cases of *tort* without aggravation.

Where the referee allowed the plaintiff damages to the extent of the value of his horse, lost by occasion of a collision of boats at Schenectady, and added thereto interest up to the time of making his report, *held* that it was error to allow another sum as damages for the loss of the use of the plaintiff's horse in towing his boat to Rome.

THIS was an action to recover damages occasioned by a collision of boats on the Erie canal, whereby the plaintiff lost a horse by drowning. The collision occurred near Schenectady, in July 1862. There was a piece of iron on the defendant's boat running down the stern and under the boat, called a shoe, which had become loose so as to catch the tow lines of other passing boats. The plaintiff's tow line caught upon this shoe, which caused the collision. The referee found for the plaintiff upon the question of negligence, and assessed the value of the horse at $100, to which amount he added $11.60 interest from the time of the accident to the date of his report. The referee also allowed the plaintiff $10 for the expense of hiring another horse to tow his boat to Rome.

The defendant made a case and exceptions and appealed from the judgment to this court. The questions litigated on the trial are sufficiently stated in the opinion of the court.

*Wm. Sanders,* for the appellant.

*Pomeroy Southworth,* for the respondent.

*By the Court,* MORGAN, J. We cannot reverse the judgment in this case for any supposed error of the referee in his conclusions of fact. The evidence was conflicting as to whether the defendant gave notice to the plaintiff of the danger of catching his tow line upon the catch of the defendant's boat. The distinction made by the defendant's coun-

sel—and to some extent by the referee—between the defendant's *giving* notice, and the plaintiff's *hearing* it, is without any legal significance whatever. The question is simply one of notice, and that implies that if notice was given, it was given in a tone of voice loud enough to be heard by the hands upon the plaintiff's boat. The plaintiff was entitled to recover the value of his horse, if the referee was right in finding, as he did, that he was without fault on his part for the collision of the two boats; and upon the question of fact, his report must be regarded as conclusive. The plaintiff's counsel cites authorities to show that the referee was also right in adding interest to the value of the horse. It is questionable whether the referee was technically right in saying that the law gives interest in such cases, as he seems to say in his report. But it is usual, and may be permitted, to give interest by way of damages in such a case, although I think it rests in the discretion of the jury or referee. But no exception is taken to this particular point in the finding of the referee, and it is therefore unnecessary to pursue the subject.

The referee also gives the plaintiff $10 in damages for loss of the use of his horse from Schenectady to Rome. This is put upon the ground that the plaintiff was obliged to tow with three horses until he got to Rome, where he resided, and was delayed thereby one day, "which damaged the plaintiff by this delay to the amount of $10." This finding is founded upon the plaintiff's evidence that he thinks it took him a day longer to come home, which was worth from $10 to $15. It might, I think, be objected to this evidence that it was a mere estimate, or matter of opinion. But the objection was general, and the question is, whether this damage was recoverable, and ought to have been added to the value of the horse, which was drowned in consequence of the collision. It must be acknowledged that we have no uniform rule of damages to apply to the variety cases in tort which continually come before us for adjudication. The courts in

this state, however, do not favor the doctrine of giving any thing more than the necessary and unavoidable damages, in cases of *tort* without aggravation. It is a general rule that the party complaining must show that the particular damages in respect to which he proceeds are the legal and natural consequences of the wrongful act imputed to the defendant. (*Sedg. on Dam.* 82. *Clark* v. *Brown,* 18 *Wend.* 229.) This is also the rule in the admiralty courts, in cases of collision. Hypothetical and consequential damages are excluded. (*Sedg.* 469, *n.* 1.)

It does not appear that there was any necessary damage to the plaintiff in the case at bar growing out of his loss of the use of this particular horse. There is no evidence that he could not have bought another horse at Schenectady, and the amount of his damages would then be limited to the value of the one he lost.

I think the legal and natural damages do not extend beyond this, and that the referee erred in allowing any thing for the use of a horse, which, for aught that appears, the plaintiff could have purchased at Schenectady as well as at Rome.

Besides, the allowance of interest on the value of the horse would seem to cover this very item, as it is substantially the same thing whether the plaintiff is allowed for the use of the horse or the money value of the horse. But as the damages can be separated, I think we may affirm the judgment as to the value of the horse with the interest added, and reverse it as to the residue, without costs to either party on this appeal.

The result is that the judgment must be affirmed as to $111.64, and reversed as to $10, improperly allowed as damages by the referee for the loss of the use of the horse; without costs of appeal to either party.

Judgment accordingly.

[ONONDAGA GENERAL TERM, January 3, 1865. *Morgan, Bacon, Foster* and *Mullin,* Justices.]