RICHARD URBAND, Respondent, *v.* JACOB J. LUBELL et al., Appellants, Impleaded with Others.

**Practice — trial — verdict — power to amend verdict does not outlast term at which it is rendered.**

Interest may not be added by an order of Special Term to a verdict rendered at a Trial Term which has ended. An amendment of the verdict is in effect an incident of the trial and the power to make it is exhausted when the term is at an end.

*Urband* v. *Lubell*, 218 App. Div. 858, modified.

(Argued March 31, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 29, 1926, affirming a judgment in favor of plaintiff entered upon a verdict.

*Burgess Osterhout* for appellants. The case having been tried at the November, 1925, Trial Term, and that term having expired, the court at Special Term was without power thereafter to grant a motion amending the verdict so as to include interest. (*Fremd & Jenkins* v. *Halstead,* 184 App. Div. 953; *Duerr* v. *Consolidated Gas Co.,* 104 App. Div. 465; *Fleming* v. *Jacob,* 57 Misc. Rep. 375.)

*Max Shlivek* and *Saul S. Brin* for respondent. The court at Special Term had the power to make the order amending the verdict so as to include interest. (*Lowenstein* v. *Lombard,* 2 App. Div. 610; Civ. Prac. Act, § 105; *Siccardi* v. *Ajello,* 117 Misc. Rep. 118; *Burns* v. *City of Watertown,* 126 Misc. Rep. 140.)

*Per Curiam.* The evidence sustains a verdict that the plaintiff fulfilled the conditions of the contract for the payment of a commission, and the exceptions to the rulings upon the defendants' requests to charge do not point to any errors that call for a reversal.

The verdict was improperly amended by the addition of interest. The cause was tried at Trial Term on November 13, 1925. After this term had ended, an order was made at Special Term whereby interest was added from April 24, 1923, the date of the employment. We think the power to amend did not outlast the term at which the verdict had been rendered (*Dalrymple* v. *Williams,* 63 N. Y. 361, 364; *Hodgkins* v. *Mead,* 119 N. Y. 166; *Duerr* v. *Consolidated Gas Co.,* 104 App. Div. 465; *Fremd & Jenkins* v. *Halsted,* 184 App. Div. 953).

The settled practice to that effect is founded upon considerations of the essential nature of the motion. The motion is not heard upon a case prepared and settled. It is made upon the minutes of the judge presiding at the trial, who alone is competent to pass upon it. No other judge would be in a position to know whether

interest ought to be added and, if added, in what amount. In this instance, the Special Term referred the motion to the same judge who had listened to the evidence, yet this was comity and nothing more, if jurisdiction to amend survived the ending of the term. We may add that the amount added was erroneous in any event, since interest should have run, not from the date of employment, but from the date of performance, almost a year later. The jury did not depart from the instructions of the court in giving a verdict for the commission without interest, for no instructions on the subject had been given in the charge. An amendment of the verdict is in effect an incident of the trial, and the power to make it is exhausted when the term is at an end.

The judgment of the Appellate Division and that of the Trial Term should be modified by deducting from the latter judgment the sum of $769.31, and, as modified, affirmed, without costs to either party.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.