JAMES J. McLAUGHLIN, Appellant, *v.* HARRIET C. BRINCKERHOFF, Individually, and as Receiver of the BRITISH-AMERICAN MANUFACTURING COMPANY, Respondent.

First Department, February 3, 1928.

Trial — verdict — interest on verdict — action on contract — Civil Practice Act, § 480, directing addition of interest, is mandatory — interest may be added after expiration of term of court.

This action is based on a contract, and upon the return of a sealed verdict the plaintiff asked the trial judge to direct the clerk to add interest. This was not done and the plaintiff notified his adversary of the application to add interest, which application was returnable on a date after the term was adjourned.

Section 480 of the Civil Practice Act, in reference to adding of interest in an action based upon a breach of performance of a contract, is mandatory, and the verdict or judgment may be corrected at any time prior to execution, notwithstanding the Trial Term, at which the action was tried, has been adjourned.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of December, 1927.

*Ralph Nathan*, for the appellant.

*Alex. B. Greenberg* of counsel [*Henry I. Cherey*, attorney], for the respondent.

McAVOY, J.   This order denied plaintiff's motion to direct the clerk of a Trial Term to enter in his minutes the interest on a verdict awarded by a jury.   The motion was made under section 480 of the Civil Practice Act, which provides, as amended by chapter 623 of the Laws of 1927, that in any action for the enforcement of a contract, based upon a breach of performance of a contract other than a contract to marry, interest shall be recovered upon the principal sum whether liquidated or unliquidated, and shall be added to and be a part of the total sum awarded.

It seems that the jury brought in a sealed verdict for $1,770. Plaintiff's attorney was not present, but when he came in, asked the trial judge to direct the clerk to add the interest. · The judge told him to notify his adversary, and plaintiff's attorney then gave formal notice of the application to add interest, but for a day after the term at which the trial was held was over.   It was ruled that the verdict could not be corrected by adding interest after the term at which the verdict was entered.   Although such a rule was announced as late as May, 1927, in *Urband* v. *Lubell* (245 N. Y. 156), relating to the amendment of a verdict, the verdict in that case had been rendered in November, 1925, and this amendment did not relate to that action, since it was not pending or thereafter brought, as described in the amendment.

We think this section is a mandatory direction to the court to include in every verdict on a contract action the interest thereon, whether the demand was liquidated or unliquidated, and that the verdict or judgment may be corrected at any time prior to execution, without regard to the fact that the Trial Term is over.   The correction was a mere amendment of the judgment to conform to a mandatory proviso of law.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion directing the clerk to add interest to the verdict granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.