MARY APPLETON, Respondent, Appellant, v. ROBERT A. NYE and Another, Respondents, Appellants. ARTHUR ACKERLY, Respondent, Appellant, v. ROBERT A. NYE, and Another, Respondents, Appellants.— Judgment and order of March 22, 1933, reversed on the law, with costs to appellants, defendants, and order of August 3, 1932, now become absolute through failure to comply with the conditions, affirmed, with costs to the respondent, defendant, Nye to abide the event. Memorandum. The orders granted March 22, 1933, amending the verdicts so as to equalize the amount of liability between the two defendants, were made at a Special Term held after the Trial Term had ended, at which the actions had been tried in May, 1932; they were not made upon stipulation and consent of all parties, but were opposed by counsel for both defendants; they were not made upon the judge's minutes of the trial, but upon an affidavit. Said orders were, therefore, void for lack of authority in the Special Term. " The power to amend did not outlast the term at which the verdict had been rendered. * * * An amendment of the verdict is in effect an incident of the trial, and the power to make it is exhausted when the term is at an end." ( *Urband* v. *Lubell*, 245 N. Y. 156, 157; *Klepper* v. *Seymour House Corp.*, 246 id. 85, 99.) The orders granted August 3, 1932, imposed conditions which were contrary to section 3 of the Negligence Act of 1930 of the Province of Ontario which expressly provides that the liability of the defendants shall be joint and several. Having failed, however, within ten days to stipulate the changes in the original verdict, as required by the order of August 3, 1932, as a condition for the denial of the motion for a new trial, the orders last mentioned have become unconditional orders setting aside the verdict " upon

---

* Affd., 264 N. Y. 646.

the ground that the finding of the jury as to the degree of negligence of the respective defendants is contrary to the evidence and against the weight of evidence." In view of the confused state of the record, chiefly upon questions of procedure, and upon the evidence which bears upon the relative degree of negligence of the two defendants, we conclude that the ends of justice will be best served by the disposition of these appeals as hereinabove provided for. All concur.