THE IMMICK COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 23293.) — Appeal from a judgment of the Court of Claims, entered in the clerk's office of that court on the 25th day of November, 1936, in favor of the claimant and against the State of New York for the sum of $20,223.85. The only question raised on this appeal is the proper measure of damages for the loss of use of claimant's highway construction machinery and equipment which was caused to remain idle by the delay of the respondent in obtaining the requisite rights-of-way. The number of days that each piece of equipment was out of use because of such delay was conceded on the trial below. The claimant showed the reasonable rental value per day of such equipment. The State offered no testimony to contradict the figures given by the claimant's experts as to rental value. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

HARRY S. GILES, as Administrator, etc., of STUART D. GILES, Deceased, Respondent, v. COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.— Defendant casualty company appeals from a judgment recovered under section 109 of the Insurance Law. The liability arises through the issuance of a public liability policy to Josefa Ciesznski for the term of one year beginning June 3, 1933. The written policy was not prepared until June fifth; the accident out of which the judgment against Mrs. Ciesznski was recovered happened on June fourth. Isadore Spira was an agent representing defendant and connected with an insurance office conducted by William J. Lillis in Schenectady wherein Margaret Sorenson worked. She prepared the policy on June fifth under the direction of Spira and she had authority to issue and countersign it and other policies. Spira, Mrs. Ciesznski and Witkowski who lived in the same house testified that on May twenty-ninth, Spira orally contracted to insure Mrs. Ciesznski against public liability in his company from June third, the date when it was expected an automobile was to be delivered to her. Spira says that on Saturday, June third, he sought to obtain the written policy from the Lillis office but found it closed and that on that day he wrote the facts as to that and another policy and "shoved it under the door." That on June fifth he went after the policy. Defendant's liability arises on the oral contract made by its duly authorized agent. (*Hicks* v. *British American Assurance Co.*, 162 N. Y. 284.) The fact that the written policy was delivered after the accident does not prevent a recovery. (*Orto* v. *Poggiono*, 245 App. Div. 782; affd., 271 N. Y. 551.) Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.