Edward D. Agostini and Others, Doing Business under the Firm Name of Agostini Brothers, Respondents, v. The State of New York, Appellant.

(Claim No. 24345.)

Third Department, November 2, 1938.

*John J. Bennett, Jr., Attorney-General [Jacob S. Honigsbaum and Leon M. Layden, Assistant Attorneys-General, of counsel], for the appellant.*

*Benjamin McClung [Homer E. Peters of counsel], for the respondents.*

Heffernan, J. The State of New York has appealed from a judgment of the Court of Claims in claimants' favor for the sum of $755.52. Three items are included in this award, namely, interest for eighty-three days on the sum of $22,000 belonging to claimants wrongfully retained by the State Comptroller during that period, amounting to the sum of $304.33; counsel fees and disbursements amounting to the sum of $309 incurred by claimants in a mandamus proceeding to compel the Comptroller to pay the money illegally withheld; interest on these two sums from March 22, 1934, to February 3, 1938, the date the judgment appealed from was entered, amounting to $142.19.

The controversy has its origin in a contract between the State and claimants relating to the construction of public buildings at West Haverstraw, N. Y.

During the performance of this contract by claimants certain moneys earned by them were retained by the State in accordance with a provision of the contract. The moneys so deducted are referred to as retained percentages and are withheld in part until the completion and acceptance of the work required to be performed under the contract. Under the terms of the contract and also in accordance with section 43-a of the State Finance Law claimants were entitled from time to time to withdraw the whole or any portion of the amount retained from payments to them, pursuant to the terms of the contract, upon depositing with the State Comptroller securities of a market value equal to the amount so withdrawn, the securities to be of a character in which savings banks of the State are authorized by law to invest moneys.

Sometime prior to December 29, 1933, claimants requested permission to withdraw $22,000 of the amount retained from payments made to them. In connection with their request they deposited with the Comptroller securities equal to the sum to be withdrawn consisting of New York city bonds yielding an interest rate of six per cent. It is conceded that claimants received the interest coupons on these bonds while on deposit with the Comptroller.

The Comptroller refused to permit claimants to withdraw any portion of the amount retained unless the surety guaranteeing completion of the work under the contract consented to the withdrawal. Apparently the surety company did not give its consent.

Clearly the action of the Comptroller requiring claimants to obtain the consent of the surety company to the release of the money retained was arbitrary and unlawful. The section of the State Finance Law to which we have referred and which is made a part of the contract in question contains no such requirement. There is no justification for the action of the Comptroller in refusing to release the retained percentages. His duty under the statute is clear. He is not clothed with any discretion. When proper securities are tendered the contractor is entitled to withdraw moneys equivalent to the market value thereof.

As a result of the Comptroller's conduct claimants applied to the Supreme Court for a peremptory mandamus order requiring the Comptroller to pay the amount demanded. The surety company was made a party to the proceeding but defaulted in appearing.

On March 7, 1934, the Supreme Court granted a peremptory mandamus order directing the Comptroller to pay claimants the

retained percentages. It is significant that the Comptroller did not appeal from this order but on March 22, 1934, complied with its mandate. Claimants then applied to the Court of Claims for an award of interest on the money wrongfully retained by the Comptroller and for their counsel fees and disbursements incurred in enforcing payment thereof.

The court below found that claimants were wrongfully deprived of the sum of $22,000 from December 29, 1933, to March 22, 1934, a period of eighty-three days, and allowed them interest on the sum in question for that period of time, amounting to $304.33.

The Attorney-General contends that because claimants received interest on the bonds deposited with the Comptroller they are not entitled to any allowance on the moneys illegally retained. That argument is without merit. The bonds were the property of claimants; they, and they alone, were entitled to the interest thereon. When the Comptroller released to claimants the coupons as they became due he was merely complying with the statute. A pertinent provision of section 43-a of the State Finance Law is: "If the deposit be in the form of coupon bonds, the coupons as they respectively become due shall be delivered to the contractor." Because of the non-compliance by the Comptroller with claimants' demand they were wrongfully deprived of $22,000 for eighty-three days. We think the court below properly allowed claimants interest.

It has been stated as a general rule that whenever a debtor is in default for not paying money, delivering property, or rendering services in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which has been done him; and that a just indemnity can never be less (though it may sometimes be more) than the specified amount of money or the value of the property or services at the time it should have been paid or rendered, with interest from the time of the default until the obligation is discharged. And if the creditor is obliged to resort to the courts for redress, he ought, in all cases, to recover interest, in addition to the debt, by way of damages. (8 R. C. L. 532.) Where money is withheld after payment is due, interest is, as a general rule, allowable as damages in actions based upon either express or implied contracts. The rule permitting a recovery of interest as damages for the detention of money is peculiarly applicable where payment has been wrongfully or vexatiously withheld. Hence where money belonging to another is not paid over to the person entitled to receive it at the time it should be paid over, interest will be allowed for the detention. (17 C. J. 811, 812.)

The allowance which the court below made to claimants for their counsel fees and disbursements in the mandamus proceeding cannot be upheld.

The legal expenses necessarily incurred by claimants beyond the taxable costs in seeking legal redress for the wrong, while a loss in a sense resulting from the wrongful act of the Comptroller, are not recoverable as general or special damages. The law considers, as a general rule, the taxable costs as adequate recompense. It has long been the settled law of this State that counsel fees and other expenses in conducting the suit, not included in the taxed costs, cannot be taken into consideration in assessing damages. (*Marvin* v. *Prentice*, 94 N. Y. 295; *Fallon* v. *Wright*, 82 App. Div. 193; *Lurman* v. *Jarvie*, Id. 37; affd., 178 N. Y. 559; *Bishop* v. *Hendrick*, 82 Hun, 323; affd., 146 N. Y. 398; *Avalon Construction Corp.* v. *Kirch Holding Co.*, 256 id. 137.)

It is true of course that in a limited class of cases counsel fees necessarily incurred may be recovered. Where the gravamen of an action is malice, as, for example, malicious prosecution or false arrest or imprisonment, the counsel fees necessarily incurred by the plaintiff in the former action are recoverable. In an action upon an undertaking for an injunction or attachment where the recovery of such damages is fairly contemplated by the statute and contract, in actions for breach of covenants of warranty and indemnity and in contempt proceedings, counsel fees are also recoverable. (*Lurman* v. *Jarvie, supra.*)

This case does not come within the exception to the general rule and, therefore, claimants are not entitled to recover their legal expenses.

To permit a successful party to bring an action against his unsuccessful opponent to recover the legal expenses of prosecuting a former action would lead to endless litigation, for a third action might be prosecuted to recover the expense of the second, and so on *ad infinitum.*

The judgment appealed from should, therefore, be modified by reducing the recovery of claimants to the sum of $304.33, representing interest on the money wrongfully retained, with interest on that sum from March 22, 1934, to the date of payment, and as thus modified affirmed, with costs to claimants.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Judgment appealed from modified by reducing the recovery of claimants to the sum of $304.33, with interest on that sum from March 22, 1934, to the date of payment and as thus modified affirmed, with costs to claimants.

The court disapproves of conclusion of law No. 1 contained in the decision and reverses the same.

The court hereby makes the following conclusion of law: The claimants are entitled to an award and judgment against the State of New York for damages sustained by the wrongful refusal of the State acting through its Comptroller to permit claimants to withdraw $22,000 from the moneys retained from payments made to them under their contract with the State in the sum of $304.33, with interest thereon from March 22, 1934, to the date of payment.