AMERICAN CASTYPE CORPORATION, Plaintiff, *v.* NILES-BEMENT-POND COMPANY, Defendant.

Supreme Court, Special Term, New York County, August 9, 1941.

*Emil K. Ellis* [*Abraham J. Heller* of counsel], for the plaintiff.

*Shearman & Sterling* [*Justus Sheffield* and *Deering Howe* of counsel], for the defendant.

BENVENGA, J. Motion to amend extracts of minutes.

It is well settled that the plaintiff in an action for conversion is, as a matter of law, entitled to interest on the value of the property from the time of its conversion (*Wilson* v. *City of Troy*, 135 N. Y. 96, 104, 105); and where the jury, in such an action, has failed to add interest to its verdict, the court may, under certain circumstances, do so at a subsequent date. (*Urband* v. *Lubell*, 245 N. Y. 156; *Greater N. Y. Coal & Oil Corp.* v. *P. & R. Coal & Iron Co.*, 278 id. 270; *McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458; *Demms* v. *Blanchard*, 150 Misc. 867, 869; *Brenner* v. *Strasbourger*, N. Y. L. J. Dec. 27, 1940, p. 2212.) However, where, as in the case at bar, damages are sought as compensation for the deprivation of the use of the property, interest is not allowable, as the recovery for the use takes the place of interest. (*Schulte* v. *Louisville & Nashville R. R. Co.*, 128 Ky. 627, 638; 108 S. W. 941; *Edwards* v. *Beebe*, 48 Barb. 106, 108; 25 C. J. S. 544, § 53.) " In other words, a party may sue for the injury done personal property, and the jury may in their discretion allow him interest on the sum found, and should be so instructed, or he may sue for

damages occasioned by the injury and also for the loss of the use, but he cannot recover interest as well as damages for the loss of the use." (*Schulte* v. *Louisville & Nashville R. R. Co.*, *supra*.)

Here plaintiff sought damages not only for the reasonable value of the property alleged to have been converted, but also compensation for the loss of use and profits, and the court instructed the jury that they might consider all these circumstances in assessing damages. Presumably, the jury followed the court's instructions and included such compensation in the amount of their verdict. Consequently, to add interest to the verdict now would be tantamount to awarding plaintiff double compensation for the same wrong. In the circumstances, even if power existed to amend the verdict by the addition of interest after the expiration of the term of the court at which the verdict was rendered, a question which is not free from doubt (see *Urband* v. *Lubell*, *supra*), the court could not do so.

Motion to amend denied in so far as it seeks a direction for the addition of interest to the verdict; granted in so far as it seeks to conform the minutes to the decision of the court on the motion to set aside the verdict.