JOHN RINTEL, Respondent, *v.* DAIRYMEN'S LEAGUE COOPERATIVE ASSOCIATION, INC., Appellant.

Supreme Court, Appellate Term, First Department, February 5, 1942.

*Grant, Clark & Fox* [*Robert Hawthorne* of counsel], for the appellant.

*Joseph Schmier* [*Murray Rubien* of counsel], for the respondent.

PER CURIAM. Plaintiff's evidence showed that defendant's truck, exclusively in its possession and control, was left parked by its garage utility man, driverless and unoccupied, on the street in front of defendant's garage, and that about fifteen minutes later it damaged plaintiff's property some distance away on the same street, as with its engine running, it was partly upon the sidewalk and partly through plaintiff's store window. The store was at the northwest corner of Avenue. A and Eighteenth street. Defendant's garage was on Eighteenth street east of plaintiff's store.

Appellant concedes that plaintiff, by showing the accident and attendant circumstances, made out a *prima facie* case, but contends the additional proof in plaintiff's case showed that defendant was not negligent. The additional proof consisted of hearsay statements read from a police officer's report and testimony given on an examination before trial of defendant by one Pfeifer, defendant's garage utility man. On defendant's cross-examination of the officer he was asked to read his report, and neither counsel objected. He was permitted to read same, including a statement that the truck was "evidently started in motion by some unknown boys, resulting in the truck mounting the sidewalk and demolishing the front" of the store. The officer stated he did not see a boy on the truck and a third person had stated what he had written down. Plaintiff's previous objection to the statement as hearsay had been overruled. Pfeifer, in his deposition, stated there was no lock on the door of the truck; after parking it he went out occasionally and looked at it. He saw no one on the truck or at the wheel. As far as he knew, he was the last one on the truck and he had left the ignition key on the floor.

It seems clear that the hearsay statements in the police officer's report and the testimony of Pfeifer did not overcome, as a matter of law, the presumption arising from ownership of the truck and the happening of the accident, and that the question of negligence was one of fact for the jury. (*Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108.)

As to the recovery for loss of profits during the period the store was closed as a result of the accident, defendant made no objection on the trial to the estimation of profits during four months as an unreasonable period, nor was any request made to add to the charge of the trial judge in that regard.

After the entry of judgment plaintiff moved to add interest from the date of the accident, claiming that under section 480 of the Civil Practice Act plaintiff was entitled to interest from that date, and the court granted the motion. The section relied upon did not authorize such an award. Further, having recovered damages for the loss of the use of the property plaintiff was not entitled to interest from the date of the accident (*American Castype Corp.* v. *Niles-Bement-Pond Co.*, 177 Misc. 13); and it has been held that as the amendment of the verdict in such case is an incident of the trial, it should not be allowed where, as here, the term had expired. (*Urband* v. *Lubell*, 245 N. Y. 156.)

Judgment affirmed, with costs. Order reversed and motion denied.

McCook and Hammer, JJ., concur; McLaughlin, J., dissents, with opinion.

McLaughlin, J. (dissenting). This action was instituted to recover damages for the destruction of plaintiff's personal property, and also for the loss of profits in his business. On June 16, 1930, a truck owned by the defendant ran into the building in which the plaintiff maintained a store on the northwest corner of Avenue A and Eighteenth street, New York city. Apparently no one was operating the truck when a police officer named Strunck appeared on the scene. He had heard the crash and when he arrived the truck's motor was still going, but no one was there operating it or on it. Plaintiff chose not to rest upon the presumption arising from the proof of ownership, but also offered additional proof through the police officer and others showing that the truck was not under the defendant's control at the time the accident occurred.

Appellant contends (1) that plaintiff failed to establish a cause of action; (2) that it was reversible error to permit testimony as to loss of profits without showing that the time which it took to make the repairs was a reasonable one; (3) that it was error to permit an amendment of the judgment so as to include interest. The appellant is correct in all three of his contentions.

The evidence in this case is sufficient to establish a cause of action in favor of plaintiff. When the plaintiff proved ownership he had a *prima facie* case showing operation and control, for this was established once ownership was conceded. (*Mills* v. *Gabriel*, 259 App. Div. 60; affd., 284 N. Y. 755.) The presumption, however, disappeared when evidence was submitted by the plaintiff showing that the defendant was not operating and was not in control of the truck at the time of the accident. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368, 371; *Rathfelder* v. *Flag*, 257 App. Div. 71, 73; affd., 282 N. Y. 563.)

Respondent claims that these legal principles do not operate because the proof that was admitted tending to destroy the presumption was partly hearsay evidence. The plaintiff himself introduced this evidence, which consisted of a reading of his report by a police officer who was called to the scene of the accident. This report was read at the request of plaintiff's counsel, the defendant's counsel offering no objection. This report was based upon statements to the officer of third parties.

Plaintiff also offered additional testimony through the examination before trial of defendant's driver. His deposition showed that no one in defendant's employ was in the truck at the time of the accident, and that he had seen the truck only a few minutes before the accident, at which time the ignition key was not in the switch but on the floor. This of itself is sufficient to destroy the presumption.

Plaintiff concedes that if a " witness had testified on the matters contained in the report of the police officer there would be no liability on the part of the defendant." He argues, however, that most of this evidence being hearsay and that which was not hearsay being insufficient to destroy the presumption, the presumption still exists, since hearsay evidence is no evidence at all. This is incorrect. The Appellate Division said in *Hernon* v. *Holahan* (182 App. Div. 126): " It will be observed that the proof of sunstroke is chiefly made up of hearsay statements and declarations. These statements, however, were either introduced by the insurance carrier itself or were received without objection. The carrier cannot now be heard to claim that such statements were incompetent and had no probative value."

Under the circumstances, whatever presumption of liability there was from the proof of ownership was dissipated by the subsequent proof offered by the plaintiff through the deposition of the driver and the testimony of the police officer.

There is also merit to the claim that the court committed error in allowing the jury to speculate with respect to the profits to be awarded. There is no evidence upon which the jury could find any particular time as the period during which the plaintiff was necessarily deprived of whatever profits he might have made in the conduct of his business. While there is a description of the damage done, there is no proof upon which the jury could predicate a finding as to what time it would take to repair the damage.

Plaintiff testified that the length of time taken to make the repairs was caused by the failure of the landlord to have sufficient money to complete them, for he admitted on the stand, when questioned in regard to the time it took, as follows: " You know,

it just took that time. The landlord, in the first place had no money." This kind of testimony is too unreliable upon which to base so large a proportion of the verdict for loss of profits, and, therefore, it is clear that there is no legal justification for this portion of the verdict.

The third point presents substantial error. The verdict was returned on March 12, 1941, and on May 28, 1941, plaintiff made a motion to amend, returnable June 3, 1941. While it was returnable before the justice who tried the case, it would appear that the term had expired. There is nothing in the record which shows any continuance of the term beyond the month for which it was designated. The judge was without power to amend the judgment by allowing interest from the date of the accident, and it was error for him to grant the motion. In *Urband* v. *Lubell* (245 N. Y. 156) the court held: "The verdict was improperly amended by the addition of interest. The cause was tried at Trial Term on November 13, 1925. After this term had ended, an order was made at Special Term whereby interest was added from April 24, 1923, the date of the employment. We think the power to amend did not outlast the term at which the verdict had been rendered."

The judgment should be reversed and there should be a new trial, with costs to appellant to abide the event.