PHILIP RASKIN, Appellant, v. CHARLES HEIDEN, Respondent.— Appeal from an order of the County Court of Sullivan County made by the Special County Judge on the 31st day of December, 1943, reversing the judgment of a Justice's Court of the Town of Thompson, made on April 23, 1941, in favor of the plaintiff against the defendant for $52.20, and ordering a new trial, on the ground that the verdict was against the weight of the evidence. The action is for commissions earned by plaintiff, a real estate dealer, in renting defendant's property. The great weight of the evidence sustains the fact that plaintiff obtained a lessee who was ready, able and willing to rent the premises and that the defendant agreed to rent the same to this lessee and later failed to go through with his agreement. Order reversed on the law and facts, with twenty-five dollars costs and disbursements in this court and with costs in the County Court, and judgment of the Justice's Court reinstated. All concur.

ALVIN P. SPATZ, Appellant, v. JACOB PULENSKY, Doing Business under the Name of BAYER & McCONIHE Co., Respondent.—This action was brought to recover damages for breach of a contract of employment and resulted in judgment in plaintiff's favor for $5,000 damages and interest from the 17th day of January, 1942, the date when the contract was breached, to the date of the entry of judgment, December 27, 1943, and the judgment as entered contained appropriate provisions for such relief. Plaintiff's attorney incorrectly computed the interest at $227.50 instead of at the sum of $583.33. He then applied to the Rensselaer Special Term of the Supreme Court (Schirick, J.) for an order amending and correcting the judgment by inserting therein the proper amount of interest. That application was denied and from that order plaintiff has appealed. The Special Term, as appears from its memorandum, denied the application on the theory that the term at which the judgment was entered had come to an end and that the court had no power to grant the application and cited *Urband* v. *Lubell* (245 N. Y. 156) to sustain its position. That decision is not applicable to the facts here. Under section 480 of the Civil Practice Act plaintiff is entitled to interest. Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Hill, P. J., Heffernan and Brewster, JJ., concur; Bliss and Schenck, JJ., dissent on the authority of *Urband* v. *Lubell* (245 N. Y. 156).

WILLIAM MARTIN, an Infant, by FRANK MARTIN, His Guardian ad Litem, Respondent, v. FRANKLIN D. SMITH et al., Defendants, and MARJORIE D. SMITH, Defendant-Appellant. FRANK MARTIN, Respondent, v. FRANKLIN D. SMITH et al., Defendants, and MARJORIE D. SMITH, Defendant-Appellant.—Appeal by defendant, Marjorie D. Smith, from an order of the Trial and Special Term of the Supreme Court held in and for the County of Columbia denying a motion of the defendant, Marjorie D. Smith, for a dismissal of the complaint and for judgment on the pleadings, without prejudice to the said defendant to move for a dismissal of the complaint and for judgment either at the end of the plaintiff's case or at the end of the entire case upon the trial of the above-entitled actions. The order should be affirmed. Order affirmed, with ten dollars costs and disbursements. All concur, except Hill, P. J., who dissents.