RUSCIANO & SON CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 28309.) — Cross appeals from a judgment of the Court of Claims in favor of claimant for $145,123.31, inclusive of damages and interest, in full settlement of its claim. The State appeals from the entire judgment as regards the allowance of the five items of the claim allowed as damages and interest on retained percentages, and claimant from the disallowance of two items of its claim. The claim arises out of a contract entered into September 1, 1942, between claimant and the Long Island Rail Road Company as an agent of the State. It involved work in a large grade crossing elimination project and the improvement and construction of permanent highway facilities from Georgia Avenue to Van Wyck Boulevard and chiefly on Atlantic Avenue in the boroughs of Brooklyn and Queens. Claimant's contract had principally to do with the improvement and construction of permanent highway facilities on Atlantic Avenue. Of the thirty-four items of the claim, twenty-seven were disposed of by negotiation and settlement and the other seven which were litigated and which are involved in this appeal, are referred to as follows: Schedule No. 1 — excavation claimed under contract terms as " Trench " at $3 per cubic yard. Schedule No. 2 — cost of rehandling excavated material due to the fault of the State's agent. Schedule No. 12 — water mains and hydrants; contract price for installation of same on 6 inch instead of 8 inch mains claimed, due to mistake in specifications. Schedule No. 21 — cleaning sewers. Additional footage claimed over estimate claimed at contract rate. Schedule No. 33 — rental value of idle equipment claimed to have been rendered idle due to the fault of the State's agent. Claimant's appeal is from the disallowance of schedules Nos. 3 and 28 of its claim. The former item was for the installation of brick masonry instead of concrete in the construction of certain receiving basins and inlets in the borough of Queens, and the latter item is for claimant's cost of removing bridge ties from a steel viaduct which was its obligation to raze and dispose of. Ample evidence sustains all the findings which support the award of damages on account of the aforesaid items of the claim which were allowed by the Court of Claims. The allowances on the two larger items, viz: for the rehandling of stock-piled material and the rental value of idle equipment, were based upon findings to the effect that those damages flowed from the fault and neglect of the State's agent in unnecessarily and unreasonably obstructing and delaying the progress of claimant's work under its contract. The questions of fact there involved were presented by voluminous proofs. Basically the fault stemmed from the fact that the State's agent ordered claimant to go to work and on a large, involved and complicated project at a time and under circumstances when it knew or should reasonably have anticipated the unavailability of claimant's work site, the deprivation of which principally accounted for the damages awarded. Added to this basic cause were others such as unreasonable delay on the part of the State's agent in furnishing requested data for claimant's work when the work site was available and the failure to reasonably co-ordinate with its work that of other

contractors. Claimant's proofs as to the quantities of stock-piled material rehandled preponderated heavily over that of the State as to a lesser quantity, and the rate allowed was not contested, it having been considerably less than that claimed. The State presented no relevant proof in opposition to that of claimant as respects the rental rate allowed for its idle equipment. (*Immick Co.* v. *State of New York*, 251 App. Div. 919.) We think the allowance of interest on the retained percentages was proper. The findings that the State accepted claimant's performance of its contract on February 1, 1945, and that the final estimate was not made until July 3, 1946, are not questioned. Originally the claim included an item for the moneys so retained, but by an order of severance such proceedings were had that judgment therefor was rendered by the court below and entered on December 2, 1946, the question of interest thereon having been reserved for trial and determination along with the other issues. The allowance of interest thereon which has been made, in effect allowed the State sixty days' grace from the accepted performance of claimant's contract. The State resists this item of interest upon the ground of claimant's failure to have furnished it with a release of all claims, and relies upon *Litchfield Constr. Co.* v. *City of New York* (244 N. Y. 251). Such reliance is unavailing as in that case interest was sought on moneys retained prior to the completion of the contract and this court in *Agostini* v. *State of New York* (255 App. Div. 264) is authority for the interest allowed. We feel it would be unfair to deprive a contractor of the interest on moneys due him upon the performance of his contract merely because he was pressing for or intended to present a claim for damages sustained as an incident to his full performance. In its appeal from the judgment on account of insufficient damages, claimant contends it should have been allowed 15% for overhead and profit as respects its damages for the rental value of idle equipment. No evidence was presented to sustain this claim and the reason for such allowance in the cases upon which claimant relies do not appear in this record. We think the court below correctly disallowed the items which make for claimant's appeal as to the claim for brick masonry instead of concrete. Claimant was chargeable with notice of the fact that the make-up of masonry for the installations in question were at the option of the owner. Thus that claimant bought and brought on the job an excess quantity of brick and used some of the same instead of concrete which was ordered, was matter undertaken at its own risk and peril. It was amply established by the State's proof that the bridge ties which the claimant removed from the viaduct were so a part of that structure that it was within claimant's contract to remove them and not the obligation of another contractor. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ.