Matthew M. Levy, J.
The plaintiff obtained a verdict against the defendant and, in entering judgment thereon, computed the interest on the claim at the rate of 4% per annum, presumably as allowed by section 3-a of the General Municipal Law.
But the defendant in the case at bar is the New York City Transit Authority, which is organized under the Public Authorities Law and is therefore subject to the provisions of that law. Subdivision 6 of section 1212 thereof provides that “ [t] lie rate of interest to be paid by the authority * * * upon any judgment or accrued claim against the authority * * * shall not exceed three per centum per annum ”.
Accordingly, this motion by the defendant for an order modifying the judgment herein so as to provide for interest to be calculated at the rate of 3% per year and not at 4% is granted (Toomey v. New York City Tr. Auth., 10 A D 2d 728).
The suggestion of the plaintiff’s counsel that, since the defendant has served a notice of appeal from the judgment and each part of it, the mistake in the computation of interest should be left to be corrected by the appellate court is entirely without merit. Of course, the judgment may be modified there, but this court is not functus oficio in the premises. Section 5019 of the CPLBr provides that, with respect to the correction of a judgment, “ [a] trial or an appellate court may require the mistake, defect or irregularity to be cured.”
Unlike Urband v. Lubell (245 N. Y. 156), the plaintiff here is entitled to appropriate interest as a matter of law from the date of death, and the amount thereof, correctly computed, is to be included in the judgment when entered by the Clerk (Decedent Estate Law, § 132; see as to Civ. Prac. Act, § 480, the case of Spatz v. Pulensky, 267 App. Div. 1031).
The defendant is not guilty of laches, as claimed by the plaintiff as ground for relegating the defendant to its remedy on appeal. In the first instance, the error was that of the plaintiff and not necessarily one clearly obvious.to the defendant. The judgment was entered on July 6, a copy thereof with notice of entry was served by the plaintiff on July 7, a notice of appeal from the judgment was served by the defendant on July 9, an *37 undertaking on appeal was filed by the defendant on July 10 and the transcript for the appeal was settled on July 20,1964. The defendant’s counsel’s notice of this motion was served on August 24, and it was made returnable on September 8, 1964. The affidavit of opposition filed by the plaintiff was sworn to on August 27, 1964. The statement therein contained, therefore, that the “ [defendant has had the judgment before it for almost four (4) months and has done nothing ” is an exaggeration.
The Clerk is directed to compute the appropriate interest and to amend the judgment as herein provided.