Alexander Del Giorno, J.
By this show cause order the State seeks to determine why an order should not be granted amending that .portion of the memorandum-decision of this court dated April 2,1970 as well as the judgment entered in the office of the Clerk of the Court of Claims on April 17, 1970 which provides for the payment of interest on bonds held by the State in lieu of retained percentages. The State contends that the correction of such an erroneous award of interest is within the inherent power of the court as well as within the contemplation of CPLR 5019, since the mistake was clearly one in the nature of a clerical error. Claimant on the other hand contends that no error was made in the afore-mentioned interest award and, in the alternative, that any error made was substantive in nature and correctable only on appeal, the time for which appeal has since lapsed. Initially to be determined is whether this court erred in awarding interest on the retained bonds since absent such an error the question of its right to correct a final judgment becomes moot.
The question of the interest arose as a result of a claim filed against the 'State arising out of a contract entered into between *169 the parties on April 8, I960 and accepted by the State on December 28, 1964. A final estimate was received by claimants in January of 1966 which indicated a balance due of $369,159.88, consisting of $55,45-9.42 in cash and the remaining $313,700.46 payable by the return to claimants of $314,000 in par value municipal bonds then on deposit with the State pursuant to section 139 of the State Finance Law so that money retained under the contract would be released to claimants.
Subsequently, a notice of intention to file a claim was filed with the Clerk of the Court of Claims on July 13, 1966 and served upon the Attorney-General of the State of New York on that same date. The claim itself was both filed and served on November 17, 1966. Claimants thereafter moved this court by notice of motion dated March 31,. 1967 for an order severing the eighth cause of action which sought award of the aforementioned sum, as well as the bonds on deposit with the State of New York. The court, in an opinion rendered on January 30, 1968 held, in relevant portion, that claimants were entitled to judgment against the defendant for the sum of $55,459.42 as well as the return of $314,000 par value bonds on deposit but reserved the question of interest, if any, as to both the afore-mentioned sum and the afore-mentioned retainage until the “ final determination of the balance of the Claim.”
On August 7, 1969 an article 78 proceeding was brought on in the Supreme Court, Albany County, by an order to show cause directing respondent to show why a judgment should not be entered in favor of petitioner requiring the payment to petitioner of $55,459.42 and the return to the petitioner of $314,000 in par value bonds “ all with appropriate interest thereon.” It is clear from the verified petition on which the order to show cause was based that the reason underlying the State’s refusal to return the afore-mentioned cash and bonds was the filing of two purported notices of lien in June of 1965 by a steel supplier of claimant Terry Contracting, Inc. Although the causes of action predicated upon these purported liens were dismissed on June 9, 1966 and the liens ordered canceled and discharged of record, the dismissal was not affirmed in the Appellate Division, Third Department (29 A D 2d 29) until December 13, 1967, and in the Court of Appeals (24 N Y 2d 862) until April 16, 1969. Despite the fact that the purported lienor had exhausted its judicial remedies either by motion for reconsideration in the Court of Appeals or by appeal to the United States Supreme Court, the State did not make the payments in question on the further ground that the funds in question “ ‘could be classi *170 fied as trust funds ’ under the Lien Law ” and as such were payable only at the direction of the court.
After reviewing the history of this case, the Supreme Court, Albany County, in its opinion dated December 10, 1969, held that the sums in question were not trust funds and ordered the payment to petitioner of the cash sum and the return of the bonds. On the question of interest the court therein stated as follows: ‘ ‘ The Court of Claims judgment, by the first decretal paragraph thereof, having reserved the question of interest on the payment to the petitioner until final determination of the remainder of the petitioner’s claim, and there being justification for the withholding of payment during the pendency of intervenor’s lien actions (Lien Law, § 5), and the instant proceeding, the payment herein shall be without interest. ’ ’ On December 23, 1969 a judgment was entered which stated that “ the aforesaid payment .shall be without interest.”
Finally, this court in its opinion of April 2, 1970 on the remaining seven causes of action awarded, in relevant portion, ‘1 interest on $369,159.88, the amount awarded in the Severance Action, from March 28, 1965 [three months after the date of acceptance of the contract] to the date of payment of the severed judgment [January 19',. 1970] * * * together with interest on that interest on the severance judgment, if unpaid, from the date of the severance judgment to the entry of judgment herein [April 17,1970].”
For reasons which follow, it is clear that this court’s decision in which interest was awarded on the bonds in lieu of retained percentages was not in accordance with either the law of New York, the prior proceedings in this case, or its own intent. Clearly, claimants on March 28, 1965 were entitled to the sum of $55,459.42 and are entitled to interest from that date. But under no circumstances can this reasoning as to an award of interest be extended to the bonds deposited in lieu of retained percentages. Claimants’ argument to the contrary, that as a result of depositing the 'bonds there was still due and owing them the sum of $314,000' on which interest is payable, is fallacious since by depositing the bonds claimants obtained the release for their use of almost $314,000, while at the same time collecting interest on said bonds.
The deposit of the bonds with the State is in the nature of an escrow. The State merely receives physical possession of the instruments and it is only when some default on the contractor’s part arises in the course of construction that the State has any right to use the bonds. Thus claimants receive *171 both the use of the funds plus whatever interest coupon the bonds deposited carry.
At this juncture we must agree that claimants are correct in their argument that if an award of interest is due on the securities deposited, this interest should not be withheld simply because the bonds which were deposited already happen to be interest-bearing instruments. Unfortunately, claimants have cited no authority to justify the awarding of any interest on bonds deposited in lieu of retained percentages. Section 139 of the State Finance Law which permits the depositing of such securities provides only that (except where the securities deposited are applied by the State) all interest due on the bonds shall be collected by the State and forwarded to the depositing contractor(s), which was done. No authority is therein set forth that would give this court the right to award interest on the bonds or,, as claimants alternatively argue, the right to award interest to the extent of the difference between the legal rate of interest and the interest payable on the bond itself.
The quid pro quo is clear. The contractor receives the immediate use of funds retained by depositing securities. Since he is no longer owed any money by the State (A. E. Ottaviano, Inc. v. State of New York, 32 A D 2d 87, 91 [3d Dept., 1969]) the running of interest ceases when the securities are deposited. The State’s retention of the bonds to insure satisfactory performance by the contractor is a bare minimum in fiscal responsibility. Any decision to award interest on such securities would be gratuitous on our part and must await legislative action.
Claimants’ cases on the point are wide of the mark. In both D’Angelo v. State of New York (200 Misc. 657) and Rusciano & Son Corp. v. State of New York (201 Misc. 690, affd. 278 App. Div. 999 [3d Dept., 1951]) the court was concerned with the question of awarding interest on retained percentages. More in point is Agostini v. State of New York (255 App. Div. 264 [3d Dept., 1938]). In Agostmi, claimants, in accordance with the predecessor of section 139 of the State Finance Law, sought to withdraw retained percentages by depositing with the Comptroller securities equal to the sum to be withdrawn. The Comptroller refused to permit any such substitution until the surety on the performance 'bond consented to the withdrawal of the amount retained. Subsequently, the Supreme Court issued a mandamus order directing the substitution and the Court of Claims later awarded interest on the money wrongfully retained for the period running from the date claimants requested per *172 mission to withdraw the retained percentages until the date that the Comptroller .complied with the court’s mandate. Claimants now make much of the fact that the Attorney-General there argued without success that this interest should be denied since the bonds deposited were interest-bearing. However, they overlook the fact that no interest was awarded for a single day beyond the release of the retained percentages or at omy time on the bonds themselves. For claimants’ position to be viable, the Appellate Division there would have had to have awarded double interest for the period during which the State retained both the percentages and the bonds and single interest until the bonds were released. Of course, interest was awarded only on the retained percentages due and owing and never on the bonds. Furthermore, we are at a loss to find any cases in which interest was awarded on such bonds and in fact have found no cases where this claim was even alleged, save for three cases, discussed supra, all argued by attorneys for claimants.
Much closer in point than Agostini is Litchfield Constr. Co. v. City of New York (244 N. Y. 251 [1926]). There claimant sought to recover, inter alia, interest on moneys retained by the State where they had not as yet completed the work required by the contract. In. denying recovery the Court of Appeals stated (p. 270): “ There is no more ground for the allowance of interest on retained percentages which became payable only when additional work was completed than there would be for similar allowance of interest on payments to be made for such additional work. In neither case did payments become due until additional moneys were expended in the performance of additional work”. In the case at bar the expenditure of additional moneys for the performance of additional work takes the form of the posting of bonds to secure the discharge of the outstanding liens. The. burden is on claimants to discharge such outstanding obligations and absent a final determination as to their validity no interest could be awarded.
Claimants’ alternative argument that even if the State’s position is correct they are entitled to interest on the bonds to the extent of the difference between the amount of interest due on the bonds and the legal rate of interest, as well as interest at the legal rate on those bonds which matured while in the State’s possession, is also without merit. Firstly, if this court is without power to do the greater and award interest at the legal rate on the bonds,, it is certainly without power to do the lesser and grant interest to the extent of the lesser by granting interest only to the extent of the difference. Secondly, if claimants’ contentions were correct, this would allow a contractor *173 to place with the State bonds that are about to mature, have matured, or bear no interest whatever and by this mere deposit transform them into interest-bearing instruments. No statute has been cited to us which gives this court the power to provide contractors with such gifts. This same reasoning applies to claimants’ desire to change 3%, 3.5% and 3.6% bonds into 4% bonds. In this regará Johnson, Drake & Piper v. New York State Thruway Auth. (Claim No. 35938) is controlling.
“As to the second portion of this claim, there was deposited with the Comptroller of the State of New York, tax free Bonds in the amount of $170,000.00 for the release of retained percentages in the amount of $160,000.00. Claimant received the interest of 2.7% while the bonds were retained and seeks to recover 1.3% additional interest, being the difference between the interest received and the statutory 4%.
“ To allow claimant to recover on this basis would indeed be unrealistic and unfounded. Claimant benefited by the tax free status of the Bonds as well as the use of the $160,000.00 during the interim. Whatever use claimant made of the $160,-000.00 must have been of financial benefit and, therefore, is not entitled to further compensation. This portion of the claim, therefore, is dismissed.”
(Accord, Johnson, Drake & Piper v. State of New York, 41 Misc 2d 804, affd. 26 A D 2d 908 [4th Dept., 1966]; Johnson, Drake & Piper v. New York State Thruway Auth. Claim No. 35832, mod. on other grounds 26 A D 2d 892, mod. on other grounds 26 N Y 2d 829.)
The results in the preceding cases, all argued by claimants’ attorney, clearly reflect the realities of the situation. Claimants have had tax-free interest on their bonds as well as the use of the funds. They can claim no loss by having the bonds held in the State’s hands as security rather than in their own hands as an investment.
Consequently, when one considers the clear absence of either statutory or decisional authority for the position espoused by claimants and when one further considers the effect that such a decision would have on all cases in which bonds are deposited in lieu of retained percentages from a view of both a financial burden on the State Treasury as well as the increased court calendar congestion that would result, this court must conclude that it would have been without authority if it had intentionally awarded interest on the bonds deposited in lieu of the retained percentages and that such a decision can only come from the Legislature.
*174 This court must also conclude that its award of the interest in question was erroneous for another reason. Until the date of the present motion this court had not been made aware of the article 78 proceeding and the decision rendered therein. Under the doctrine of res judicata, the court would have followed the determination made that no interest be paid for the reasons therein set forth. However, following well-settled principles of law and to avoid any further litigation concerning the question of interest already determined in the article 78 proceeding and in the interests of justice the court will assume that the failure to mention the occurrence of said proceeding was an oversight on the part of both attorneys before me at the trial and consider the results of this court’s decision of April 2, 1970 regarding interest as part of the inadvertent error made in the court’s decision to be rectified.
As previously set forth, the Supreme Court in the aforementioned article 78 proceeding found as a fact that there was justification for the withholding of payment by the State during the pendency of the intervenor’s lien actions as well as for the duration of that proceeding and that consequently the payment was to be without interest. Since, as previously stated, the law of New York precludes an award of interest on bonds deposited in lieu of retained percentages, we must conclude that the court’s reference there to the fact that the withholding of the bonds was justified was made in reference to the Agostini decision, .discussed infra. That court, of course, awarded interest on. retained percentages improperly withheld, but the same reasoning applies to bonds improperly withheld. The statement as to justified withholding cannot be gratuitous, and when read in conjunction with the judgment entered thereon, precludes the award of any interest for improper bond retention until the date of entry of judgment on December 23, 1969. To this extent the language of the severance judgment dated January 30, 1968 regarding the question of interest must be considered modified. The language of Israel v. Wood Dolson Co. (1 N Y 2d 116, 118) is appropriate: “ The common-law doctrine of r;es judicata, designed to bar relitigation of adjudicated issues, is the law’s recognition of the fact that it is to the interest of the State that there should he an end to litigation. The doctrine, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein (Good *175 Health Dairy Products Corp. v. Emery, 275 N. Y. 14, 17; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304).” (Emphasis added.)
Since this court clearly would have been in error had it intended to award interest on the bonds deposited, attention must now focus on whether this court, under the circumstances presented, has the power to amend its own judgment. Claimants cite both CPLE 5015 and CPLE 5019. The former provision contains express grounds which permit a court that has rendered a judgment to relieve a party therefrom. These include excusable default, newly discovered evidence, fraud,, misconduct, misconception, lack of jurisdiction, and modification of a prior judgment or order upon which it is based. CPLE 5019 provides, in relevant portion,, that a “ trial or an appellate court may require the mistake, defect or irregularity to be cured.” This latter section is more limited in scope and, as claimants correctly allege, should not be used as either an alternative to appeal or as a means of effecting a substantial change in a judgment not permissible under CPLE 5015. Consequently, this court holds that at least insofar as CPLE 5019 (subd. [a]) is concerned, we are without authority to change an award of interest per se (as distinguished from mathematical computation as to its amount) in a decision on the ground of clerical error where it was intended that such an award of interest be made. Those cases cited to us by the State deal only with amendments made as to judgments improperly entered by the Clerk, as distinguished from opinions of court, and as such are not in point. See, e.g., Huot v. Dworman, 13 Misc 2d 104, affd. 8 A D 2d 829 (Clerk improperly awarded interest in action under Florida death statute); Spatz v. Pulensky, 267 App. Div. 1031 (improper computation of amount of interest); Dowling v. Stephan, 206 Misc. 518 (discussion of remedies in the event of error by Clerk in entry judgment).
By the same token it is clear that claimants take too narrow a view of the term ‘ ‘ clerical error. ’ ’
“ Ordinarily, although originally and in its literal significance, a clerical error is one that has been made by a clerk or some subordinate agent, latterly [sic] the meaning has been broadened and extended so that it now may include an error that may have been made by the judge or by the court. ” • (Matter of Goldberg, 10 Cal. 2d 709, 715.) Thus, any error made by the court in the progress of the case not attributable to judicial discretion or consideration is a clerical error. (49 C. J. S., Judgments, § 237.) Such an error was made in this case when *176 interest was awarded on $369,159.88,. supposedly the amount awarded in the severance action. In fact, only $55,459.42 was awarded in the severed action, together with' the direction that bonds in the par value of $314,000 be returned. But in any case this court never intended to award interest on anything but the cash sum yet due and owing and only a mere oversight on the part of the court permitted the insertion of the $369,159.88 figure.
This result is clearly permissible under CPLB 5015. Claimants’ argument that as none of the five express conditions set forth therein are present, this court is without power to grant the relief sought is wide of the mark. The Advisory Committee inserted these grounds as a mere codification of the principal grounds that arose out of the court’s inherent discretionary power to vacate its judgment. “ The court’s inherent power to relieve a .party from the operation of a judgment in the interest of substantial justice is not limited in any way by the proposed rules [CPLR].” (Third Preliminary Report of Advisory Committee on Practice and Procedure, 1969, p. 2Ü4.) Prior case law was intended to be preserved. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5015, Practice Commentary, p. 578.) Certainly, one reason for which the court is justified in exercising its inherent power in the interests of justice is where the decision rendered did not conform with its intent. This is not a case such as Albright v. New York Life Ins. Co. (261 App. Div. 419) where the Trial Justice improperly vacated a judgment because his views had changed. Nor is this a case such as West 158th St. Garage Corp. v. State of New York (256 App. Div. 401) where the claimant sought a new trial on the basis of a new equity not previously considered. Clearly in .point, however, is the case ,of Bastajian v. Brown (19 Cal. 2d 209). There the trial court signed findings of fact and conclusions of law that did not conform with the court’s earlier decision announced from the bench. In affirming the order vacating the prior judgment, the court held :(p. 216) that “where the judgment as signed does not express the actual judicial desire or intention of the court at all, but is contrary thereto, the signing of such purported judgment is a clerical error rather than a judicial one.” (See Bohlen v. Metropolitan El. Ry. Co., 121 N. Y. 546, 550.)
This court was aware when it rendered its earlier decision that for all the reasons hereinbefore set forth, the award of interest on bonds deposited in' lieu of retained percentages was erroneous under the laws of New York. Without question the *177 courts of this State have the inherent power to set aside their own judgments in the interests of justice. (Ladd v. Stevenson, 112 N. Y. 325.) Without question the correction of an inadvertent error in the interests of justice is a proper exercise of the court’s inherent power.
One final point must be dealt with. Claimants allege that as the judgment in question ¡was entered on April 17, 1970 and that as the State on May 14, 1970 appealed from the decision only as to the first cause of action, the instant motion dated July 28,1970 is well beyond the time to appeal the judgment. In this regard Feldman v. New York City Tr. Auth. (44 Misc 2d 35, 36, revd. on other grounds 22 A D 2d 872) is in point. “The suggestion of the plaintiff’s counsel that, since the defendant, has served a notice of appeal from the judgment and each part of it, the mistake in the computation of interest should be left to be corrected by the appellate court is entirely without merit. Of .course, the judgment may be modified there, but, this court is not functus officio in the premises. Section 5019, of the CPLR provides that, with respect to the correction of a judgment, ‘ [a] trial or an appellate court may require the mistake, defect or irregularity to be cured.’” This court is similarly not fimctus officio where it has itself committed the clerical error.
As to the fact that the State appealed only from the first cause of action, the'State’s attorney in his statement submitted in support of his order to show cause states that the error was, not discovered by the State until on or about July 22, 1970. As such this motion is timely made under the provisions of CPLR 5015 (subd. [a]) and the court hereby relieves the State of the effects of the inadvertent error made in awarding interest on the bonds.
Finally, it has been brought to our attention by the State that the judgment entered did not include, interest upon the interest as directed in this court’s memorandum-decision to which claimants are entitled. As previously discussed, CPLR 5019 (subd. [a]) is clear authority for the correction of an error made by the Clerk of the court in the entry of judgment.
Consequently, claimants are entitled to the payment of interest only as to the $55,459.42 awarded in the severance action exclusive of the return of bonds and the court hereby orders that its prior decision be amended to reflect the same and that the judgment be amended in accordance therewith. The court also directs that interest on the interest, awarded previously but omitted from the prior judgment, be included.