Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative. The partial decree filed on December 20, 1968 expressly denied interest to fixture claimants, including the appellant Bobert I. Cochran & Co., li other than at the rate of 4% as provided by Section 3(a) of the General Municipal Law Nor did the earlier partial decree applicable to the fee claimant, appellant Boteeco Corporation, reserve any right to interest at *972 other than the then lawful 4% statutory rate. Both partial decrees, from which claimants took no appeal, became final and the trial court had no jurisdiction to alter its decree in any matter of substance (Herpe v. Herpe, 225 N. Y. 323, 327; Liberty Nat. Bank & Trust Co. v. Bero Constr. Corp., 29 A D 2d 627 ; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5019.04; cf. Matter of Huie [Furman], 20 N Y 2d 568, 572; Deeves v. Fabric Fire Hose Co., 19 A D 2d 735, affd. 14 N Y 2d 633; but see Feldman v. New York City Tr. Auth., 44 Misc 2d 35, 36, main case reversed on other grounds 22 A D 2d 872, where the trial court amended its judgment to reduce the rate of interest allowed; see, also, 5 Weinstein-Korn-Miller, op. cit., par. 5019.03).
Chief Judge Breitel and Judges Jasen,. Gabrielli, Jones, Wachtler, and Babin concur in memorandum; Judge Stevens taking no part.
Order affirmed, etc.