■ JAMES KIKER, as Administrator of the Estate of GRACE KIKER, Deceased, Respondent, v NASSAU COUNTY et al., Appellants. [611 NYS2d 613] —In a medical malpractice action to recover damages for wrongful death in which a judgment was entered on September 22, 1989, in favor of the plaintiff in the principal sum of $325,000, the defendants appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated May 12, 1992, which denied their motion pursuant to CPLR 2001 and 5019 (a) to amend the judgment by reducing the rate of interest to be paid on the amount awarded to the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment in accordance herewith.

On September 22, 1989, a judgment was entered in favor of the plaintiff in his wrongful death action against the defendant Nassau County. Nassau County appealed on the ground, *inter alia,* that the verdict was against the weight of the

evidence. By decision and order dated July 1, 1991, this Court affirmed the judgment *(see, Kiker v Nassau County,* 175 AD2d 99). Nassau County subsequently learned that the judgment clerk assessed interest on the jury's award at the rate of 9% pursuant to CPLR 5004, instead of at the rate of 6% mandated by General Municipal Law § 3-a (2). Nassau County then moved to amend the judgment to provide for a computation of interest at the legally correct rate. The court agreed that the clerk had computed interest at the wrong rate but concluded that it was not empowered to grant the requested relief. We disagree.

The assessment of interest by the clerk in this case enlarged the scope and amount of the judgment beyond what was authorized by the jury's verdict or decision of the court. Under the circumstances, the error could be corrected by motion before the court of original jurisdiction *(see, Hanlon v Thonsen,* 146 AD2d 743, 744; *Corn Exch. Bank v Blye,* 119 NY 414, 417). Contrary to the holding of the Appellate Division, First Department, in *Pjetri v New York City Health & Hosps. Corp.* (169 AD2d 100), we find that the type of error committed by the clerk here was ministerial in nature. There had never been a prior judicial determination of the rate of interest to be applied to the verdict. Accordingly, we do not agree with the conclusion of the Appellate Division, First Department, in *Pjetri* that a challenge of the kind here can only be raised on direct appeal *(cf., Matter of City of New York [Washington St. Urban Renewal Project—Roteeco Corp.],* 33 NY2d 970; *see also,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.03). Accordingly, pursuant to CPLR 5019 (a), we grant Nassau County's motion and remit the matter to the Supreme Court for entry of an amended judgment providing for a calculation of interest at the correct rate of 6% *(see,* General Municipal Law § 3-a [2]). Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.