JULIUS KOGAN, GEORGE F. ROSS and EDWARD A. DANGLER, Appellants, v. HUGH REILLY and HUGH REILLY, JR., Respondents.— Plaintiffs, real estate brokers, who sued for commissions for procuring a lease, appeal from a judgment dismissing the complaint on the close of their case, at a trial before the court without a jury. Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. In our opinion plaintiffs established a *prima facie* case under their complaint and bill of particulars. Their evidence showed that the parties themselves agreed upon the essential terms of the lease, but that the respective attorneys for the parties, when they came to prepare the lease later, fell into disagreement over certain terms on which the parties had agreed. This circumstance could not deprive the plaintiffs of their commission. (*Tanenbaum* v. *Boehm*, 202 N. Y. 293; *Steele* v. *Chesebrough*, 207 App. Div. 831.) The corporate lessee produced by plaintiffs, with which, according to the evidence, the lessors agreed upon the terms of the lease, intended for its own purposes to take the lease in the name of a wholly-owned subsidiary, which was merely a division or department of the lessee's organization. This did not alter the status of the parent corporation as the real lessee. " We may penetrate the disguise of form and see the substance beneath." (*York Mortgage Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128, 138.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

KATHERINE KREPPEIN, an Infant, by JULIA KREPPEIN, Her Guardian ad Litem, and JULIA KREPPEIN, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action by an infant plaintiff to recover damages for injuries sustained by reason of a fall alleged to have been caused by a defective step, and by her mother for loss of services and expenses, judgment for plaintiffs reversed on the law and the facts and new trial granted, with costs to appellant to abide the event. The step on which the infant plaintiff claims to have fallen was covered with a metal tread from the front edge rearward toward the riser for a distance of eight inches. This tread was bevelled at the front and rear edges. There is no contention that the tread was defective in any way. There was a space of four inches between the rear edge of the tread and the riser. This consisted of the wooden step. The plaintiffs claim that this portion was one-half an inch lower than the tread. The tread itself had a thickness of five-sixteenths of an inch. Assuming the estimate of the infant plaintiff and her witnesses to be correct, a groove or hollow in the middle of the step caused by wear would be three-sixteenths of an inch. We are of opinion that a defect of a nature as slight as this does not constitute neglect of the defendant's duty to maintain the stairway with ordinary care. Not only did employees of the defendant testify that there was no groove or hollow, but a policeman, who examined the stairway immediately after the happening of the accident, could find no defect. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.