counsel to prosecute the appeals. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE SPRINKLER, Appellant.— Motion by appellant to dispense with printing granted. The appeal will be heard on the original papers (including the typed minutes) and on appellant's typewritten brief, which shall include a copy of the opinion, if any, of the court below. The appellant is directed to file six copies of his typewritten brief and to serve one copy on the District Attorney. Appellant's time to perfect the appeal is enlarged to the October Term, beginning October 2, 1961; appeal ordered on the calendar for said term. Motion for assignment of counsel granted. Anthony F. Marra, Esq., 100 Centre Street, New York 13, New York, is assigned as counsel to prosecute the appeal. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DE LUISE, Relator, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Application for a writ of habeas corpus and for other relief, denied on the ground that the application fails to comply with the provisions of section 1234 of the Civil Practice Act. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ HARRIET V. DONNELLY, an Infant, by EDWARD VAN VALEN, Her Guardian ad Litem, Respondent, v. RONALD M. DONNELLY, Appellant.— Motion by appellant for a stay of all proceedings and to dispense with printing, denied. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ FOOD FAIR STORES, NASSAU, INC., Respondent, v. BAR HARBOUR SHOPPING CENTER, INC., Appellant.— In an action for a permanent injunction restraining defendant from erecting certain structures in a shopping center, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated January 26, 1961, as denied its motion to increase the amount of a bond fixed on the granting of a temporary injunction. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The moving papers fail to show that the fixation of the bond in the sum of $10,000 is insufficient. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ PAUL GALE et al., Copartners Doing Business under the Name of GALE-OPPENHEIMER, Respondents. v. INDEPENDENT TEXTILE DYEING Co., INC., Appellant, et al., Defendants.— In an action to recover brokerage commission for procuring a lease of certain real property in Farmingdale, Suffolk County, the defendant corporation appeals: (1) from the portion of a judgment of the Supreme Court, Nassau County, rendered December 23, 1959, after trial, upon the jury's verdict of $15,550, which awarded plaintiffs such sum plus costs, as such judgment was thereafter amended by the order of said court, dated February 16, 1960, to the extent of adding interest of $2,357.70; and (2) from said order of February 16, 1960, which granted plaintiffs' motion to amend the verdict and judgment by adding the interest. Amended judgment, insofar as appealed from, and order, affirmed, with costs. Plaintiffs' amended complaint alleged two causes of action. The first, pleaded against the corporate defendant only, sought recovery of the commission claimed to have been earned by plaintiffs as real estate brokers for procuring a lessee for said defendant's real property. The second, pleaded against the corporate defendant and the two individual defendants, alleged a conspiracy to deprive plaintiffs of their brokerage commission. The individual defendants answered but defaulted at the trial. The second cause of action was dismissed by the trial court against all the defendants; and no appeal has been taken with respect to such dismissal. On the first cause of action the jury rendered a verdict of $13,550 in favor of plaintiffs against the corporate defendant. In our opinion, the record presented a ques-

tion of fact as to whether plaintiffs were the procuring cause of the lease of the property. The jury's finding in their favor is not against the weight of the evidence merely because some of the terms of the lease were agreed upon in direct discussions between the landlord and tenant and their representatives, and without plaintiffs' active participation therein (cf. *Sussdorff* v. *Schmidt*, 55 N. Y. 319, 322; *Kogan* v. *Reilly*, 258 App. Div. 913; *Gallagher* v. *Akoff Realty Corp.*, 276 App. Div. 777; *Salzano* v. *Pellillo*, 4 A D 2d 789; *Baird* v. *Krancer*, 138 Misc. 360, 362–363). The addition of interest to the verdict and judgment was proper. (Civ. Prac. Act, § 480; *McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458.) We have examined the other claims of error and have concluded that they are without merit. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.