■ In the Matter of the Arbitration between STEWART TENANTS CORP., Respondent, and DIESEL CONSTRUCTION COMPANY, INC., et al., Appellants.— Order entered on March 14, 1962 unanimously modified, on the law and on the facts and in the exercise of discretion, to the extent of (1) deleting the direction for consolidation of the arbitration before the appointee of the president of the Real Estate Board of New York, Inc. (" Board ") with the arbitration before the American Arbitration Association (" AAA "), and (2) directing that, until the determination of the motion now pending at Special Term to stay the AAA arbitration, both arbitrations shall be stayed on the following conditions: (a) if Special Term shall stay the AAA arbitration, the herein directed stay of the other arbitration shall thereupon terminate, and the latter arbitration may proceed, and (b) if Special Term shall deny a stay of the AAA arbitration, the herein

directed stay thereof shall thereupon terminate and the herein directed stay of the other arbitration shall continue until the AAA arbitrators shall have made their award; and, as so modified, said order is affirmed, without costs. As this appeal comes to us, we are required to assume the existence of two valid agreements, both of which are to be given effect. One agreement (here called the "AAA agreement") provides for arbitration before the AAA; the other (here called the "Board agreement") for arbitration before an appointee of the president of the Board. In the circumstances, and having in mind also that if both arbitration agreements are effectual they provide for hearings before different tribunals — contractual provisions not lightly to be disturbed by a court — we cannot approve of concurrent proceedings. The issues in dispute under the AAA agreement are more numerous and, while certain overlap those under the Board agreement, all relate to the same general subject matter, and the resolution of issues apparently arising only under the AAA agreement may have a bearing upon the resolution of others. To lessen the possibility of inconsistent awards, and since the AAA arbitration was earlier instituted, the AAA arbitration should be concluded before the other begins. The above discussion, as indicated, assumes that both agreements to arbitrate are in force. Counsel inform us, however, that the AAA agreement has been challenged by a pending motion at Special Term to stay arbitration thereunder. Accordingly, it seems best that neither arbitration go forward until determination of the motion. If the motion is denied, the preceding paragraph suggests the subsequent procedure. If it is granted, the Board agreement will alone control. Our disposition attempts to provide for both contingencies. As the foregoing implies, we regard the provision for consolidation as error. "Arbitration is essentially a creature of contract" (*Matter of Astoria Med. Group [Health Ins. Plan]*, 11 N Y 2d 128, 132). When the contracting parties have agreed upon an arbitral forum, to impose another upon either of them without consent would be to rewrite their agreement (cf. *Matter of Symphony Fabrics Corp.*, 16 A D 2d 473). Settle order on notice. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.