■ E. G. MAY, INC., Respondent, v ALBANY HOUSING AUTHORITY, Appellant.—Appeal (1) from an order of the Supreme Court at Special Term, entered October 17, 1974 in Albany County, which granted plaintiff's motion for summary judgment and (2) from the judgment entered thereon. Plaintiff entered into a contract with defendant authority on January 29, 1963 for certain electrical work. In September of 1966 plaintiff completed the contract and submitted its final periodic payment request for $25,714.84, with appropriate certifications and releases on November 6, 1966. From that date through March 30, 1973 plaintiff at defendant's request resubmitted its final payment request. Although plaintiff demanded payment of interest on the amount of the final payment requisition due to the long delay in making payment, on October 18, 1973 it finally received defendant's check for $25,714.84, with no interest added. Since the check was offered as a final and complete payment for the contract, plaintiff did not negotiate it but, instead, commenced the present action to recover interest on the sum of $25,714.84 from November 6, 1966. Special Term granted plaintiff's motion for summary judgment. On this appeal defendant asserts that there is no common-law or statutory cause of action for the collection of interest only and plaintiff's remedy was to bring an action on the principal claimed to be due. We do not agree. This court long ago recognized such a cause of action in *Agostini v State of New York* (255 App Div 264), where interest was awarded by the Court of Claims on money wrongfully retained by the State Comptroller, after a mandamus order requiring him to pay the principal amount retained had been granted by the Supreme Court. Justice Heffernan in that case said (p 266): "Hence where money belonging to another is not paid over to the person entitled to receive it at the time it should be paid over, interest will be allowed for the detention." Defendant further maintains that by the terms of the contract with plaintiff final payment was not due until approval by the Public Housing Authority; that since within 48 hours of such approval defendant's check was issued, final payment was timely made. The record will not sustain this contention. The amount owed by defendant was definite and liquidated. The amount finally tendered by defendant was, to-the-penny, the same as requested by plaintiff. Defendant tendered such amount after detaining it beyond a reasonable length of time, a period of approximately seven years. In our view, it was "wrongfully and vexatiously withheld". (47 C.J.S., Interest, § 24, p 37.) We can find nothing in this record which would have justified the Public Housing Authority's withholding of its approval of payment to plaintiff of moneys due under the contract. We conclude, therefore, that plaintiff is entitled to interest thereon at the rate of 3% (Public Housing Law, § 157, subd 5) from the date of submission to defendant of its final periodic payment request. Special Term properly granted summary judgment to the plaintiff. Order and judgment affirmed, with costs. Greenblott. J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.