*125
 
 Jones, J.
 

 We conclude that Supreme Court, New York County, had authority to direct the consolidation of these two related arbitration proceedings and that it was not an abuse of discretion as a matter of law to do so in this instance.
 

 In 1968 Sullivan County Community College engaged Edward Durell Stone and Associates (Stone) to render architectural services in connection with the construction of college buildings. After Stone had prepared plans and specifications, in 1970 the County of Sullivan, the local sponsor of the college, entered into a contract with Edward L. Nezelek, Inc., for construction of the proposed buildings. Both the contract for architectural services and the construction contract contained broad arbitration clauses calling for arbitration under the "Construction Indústry Arbitration Rules” of the American Arbitration Association.
 

 During and after the performance of the construction work certain disputes arose between Nezelek and the county. While negotiation of these disputes was pending, in March, 1975 the college served on Stone a demand for arbitration of disputes which had arisen between them under the contract for architectural services. Stone promptly applied in Supreme Court, New York County, for a stay of arbitration. Thereafter Nezelek served a demand on the county for arbitration of their differences. The county then moved in Supreme Court, Sullivan County, for a stay of Nezelek’s arbitration. After the county’s motion for a stay was denied, the college and the county made a joint application to Supreme Court, New York County, in September, 1975 for an order directing that the two arbitration proceedings be consolidated. In the same "order-judgment” Stone’s pending application for a stay was denied and the college-county application for consolidation was granted. Stone now appeals from the Appellate Division’s affirmance of the Supreme Court order directing consolidation. Nezelek withdrew its appeal to the Appellate Division from the order of consolidation, and is not a party to the appeal now before us.
 

 
 *126
 
 Before proceeding to consideration of the principal challenges to the order consolidating the two arbitration proceedings, we address Stone’s procedural contention that Supreme Court, New York County, had no jurisdiction to entertain the application for consolidation because notice of the application was only served on Stone’s attorneys and by ordinary mail. We reject this contention.
 

 After the college served its demand for arbitration on Stone, the latter applied in Supreme Court, New York County, for a stay. Within the contemplation of CPLR 7502 (subd [a]), that application—"the first application arising out of an arbitrable controversy”—served to institute a judicial special proceeding. That proceeding was pending and the application for a stay unresolved when the college and the county made application to Supreme Court, New York County, for consolidation. With respect to an arbitration as to which a special proceeding has been instituted, CPLR 7502 (subd [a]) provides: "All subsequent applications shall be made by motion in * * * the special proceeding”. That is precisely what the college (and the county) did in this instance. It was not fatal that the application for consolidation was denominated a "notice of petition” rather than a "notice of motion” and that the caption was worded differently than was Stone’s application for a stay. Such irregularities in form, which resulted in no prejudice, should be disregarded (CPLR 2001). Consistent with that statutory authorization, the consolidation application was treated by Supreme Court as having been made in the stay proceeding and was determined jointly with the stay application in the same decision and order. For its part the Appellate Division similarly concluded that "the petition [for consolidation] may be viewed as a motion in said pending proceedings”. That the county and Nezelek were also named as parties in the consolidation application would create no jurisdictional infirmity. At worst both were unnecessary parties; the county’s joinder, however, could be treated as an appropriate manifestation of its consent to the requested consolidation.
 
 *
 

 
 *127
 
 Viewing the application for consolidation as a motion in the special proceeding pending in New York County, as both lower courts did and we do, service of the papers on the application was properly made by ordinary mail on the attorneys (CPLR 2103, subd [b]).
 

 Addressing the merits, Stone mounts a frontal assault on the order of consolidation, arguing both that the courts have no power to order consolidation of arbitration proceedings and that, even if they do, it was an abuse of discretion to direct consolidation of the two arbitration proceedings in this instance. We consider these contentions seriatim.
 

 It is quite true that we initially based our conclusion that the courts had authority to consolidate arbitration proceedings on the theory that under section 1459 of the then Civil Practice Act an arbitration proceeding was a "special proceeding” and that under section 96 of the Civil Practice Act there was judicial power to consolidate special proceedings "whenever it can be done without prejudice to a substantial right”.
 
 (Matter of Symphony Fabrics Corp. [Bernson Silk Mills],
 
 12 NY2d 409.) With the enactment of our pesent Civil Practice Law and Rules in 1962, the classification of arbitration as a special proceeding was intentionally discarded (contrast CPLR 7502 with Civ Prac Act, § 1459). It was then contended that, the basis therefor having been demolished, the courts no longer had authority to consolidate arbitration proceedings. That argument was accepted at the Appellate Division but rejected in our court
 
 (Matter of Chariot Textiles Corp. [Wannalancit Textile Co.—Kute Kiddies Coats],
 
 21 AD2d 762, revd 18 NY2d 793). Thereafter, in
 
 Matter of Vigo S. S. Corp. (Marship Corp. of Monrovia)
 
 (26 NY2d 157), we reinstated a Supreme Court order directing consolidation of arbitration proceedings which had been reversed at the Appellate Division. Thus, it is no longer open to serious dispute that there is judicial power to order consolidation of arbitration proceedings
 
 (Mount Sinai Hosp. of Hartford v Wheeler,
 
 45 AD2d 934).
 

 We turn finally, then, to Stone’s contention that it was an abuse of discretion in the circumstances of this case to order consolidation of the two arbitrations. In substance Stone argues that, while in a very broad sense the two sets of disputes arose out of the same construction project, the claims are not identical; the parties are wholly different; Stone may be forced in the consolidated arbitration to deal with claims of the county with which it had no contract in addition to those of
 
 *128
 
 the college with which it did have a contract, resulting in confusion and the risk of its being whipsawed; the consolidated proceeding will undoubtedly be much more time consuming and costly; and its participation in the selection of an arbitrator has been significantly diluted.
 

 We recognize the fundamental principle that the resolution of disputes by arbitration is grounded in agreement of the parties. In that perspective, on principle it would have seemed preferable to premise orders directing consolidation in arbitration on express agreements of parties to that effect. That was not, however, the basis for the development of the judicial power to consolidate. In recent times, given the decisions of our court and others, parties signing an agreement to arbitrate must be held to do so in contemplation of the announced authority of the courts in proper cases to direct consolidation. If it is now desired to avoid the possibility of consolidation, appropriate provisions to preclude or limit consolidation can be drafted for inclusion in the particular arbitration agreement.
 

 Absent explicit provision with respect to consolidation, when application is made therefor, the courts should be aware that, as here contended by Stone, consolidation will usually lay the parties open to greater expense, to exposure to additional claims, and to the risks of added complexity. Beyond that, the parties, without their express agreement, will be subjected to the hazards of an additional range of possible errors of fact or law by the arbitrator which will lie outside the reach of judicial examination. The situation is markedly different from the consolidation of judicial actions where the conduct of the consolidated proceeding is subject to scrutiny on appellate review. These and related considerations dictate the sensitive and wise exercise of judicial discretion in ordering consolidation of arbitration proceedings other than in conformity with an express agreement of the parties.
 

 Turning then to the circumstances of the case now before us, we conclude that it was not an abuse of discretion to order consolidation in this instance. Initially we observe that most of the objections advanced by Stone could be advanced in opposition to any consolidation of arbitration proceedings— dilution of power to select the arbitrator, added complexity and greater cost in time and money. No reason appears to conclude that special significance should have been attached to any of these factors here. By similar token the risk of
 
 *129
 
 nonreviewable error of fact or law inheres whenever recourse is had to arbitration, and consolidation will always enlarge the range of such risk and probably aggravate the consequences of error. Again, however, there has been no showing here of sufficient enlargement or aggravation to mandate denial of consolidation. Nor can we say that the difference here in party identity, standing alone, is sufficient as a matter of law to preclude consolidation.
 

 In this case there is a commonality of context out of which the two sets of claims arose
 
 (Mount Sinai Hosp. of Hartford v Wheeler,
 
 45 AD2d 934,
 
 supra
 
 [consolidation of contractor-owner-architect claims]). Additionally, as noted at the Appellate Division: "A most important practical consideration impelling the grant of consolidation is the need for consistent awards in the two separate but interrelated disputes
 
 (Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia],
 
 26 NY2d 157, 162
 
 [supra])” (54
 
 AD2d 670).
 

 For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed.
 

 *
 

 In passing we observe that Nezelek might have complained because the consolidation application was brought in the New York County special proceeding. The special proceeding instituted by the county’s application for a stay in the Nezelek-county arbitration was laid in Sullivan County and Nezelek could have argued that the consolidation application should therefore have been made to Supreme Court, Sullivan County. This is now irrelevant, however, inasmuch as Nezelek has withdrawn its appeal and is no longer contesting the consolidation. Stone, of course, cannot take advantage of grounds of complaint which might have been available to Nezelek.