■ In the Matter of the Arbitration between FARR MAN SUPLICY, INC., Appellant, and VAN EKRIS AND STOETT, INC., Respondent. In the Matter of the Arbitration between LONRAY, INC., Respondent, and FARR MAN SUPLICY, INC., Appellant. — Order, Supreme Court, New York County (J. A. K. Bradley, J.), entered January 11, 1984, denying appellant Farr Man Suplicy, Inc.'s (Farr) motion for consolidation of two arbitrations, is reversed, on the law and the facts, and in the exercise of discretion, with costs, the motion for consolidation is granted, and the arbitrations are consolidated. ¶ Appellant Farr entered into a contract to buy coffee from respondent Lonray, Inc., and another contract to sell the same coffee to Van Ekris and Stoett, Inc. The two contracts, both drawn on the Green Coffee Association's "Ex Dock Contract" form, were substantially identical except for price and payment. Both contracts contained a provision for arbitration before the Green Coffee Association. Both contained a "reconditioning" provision requiring the seller, with respect to coffee which has been denied entry by the United States Food and Drug Administration, to make one attempt to recondition rejected coffee. The coffee was rejected and no effort was made to recondition. ¶ The two arbitrations are (a) between Farr and its supplier Lonray, Inc., and (b) between Farr and its purchaser Van Ekris. The controlling issue in both arbitrations is the meaning of the reconditioning clause and the duties of the parties under it on the facts of this case. Thus, the controlling issue is common to both arbitrations. Clearly the court has power to order consolidation of arbitrations unless the contracts contain appropriate provisions precluding or limiting consolidation. (*County of Sullivan v Edward L. Nezelek, Inc.,* 42 NY2d 123, 128.) ¶ Supplemental Rule 7 of the Green Coffee Association Rules — the "Round Robin" rule — properly construed, does not require the consent of all parties for consolidation. It does not relate to consolidation. That rule relates to a provision — roughly analogous to interpleader in the courts — whereby, in essence, intermediate parties

are eliminated and the arbitration proceeds "between the first and last party in the series of contracts." In consolidation, on the other hand, no parties are eliminated; all that happens in essence is that the two closely related arbitration proceedings are tried together before the same panel of arbitrators, thus avoiding duplication of litigation and evidence, and eliminating the risk of inconsistent adjudication. ¶ The present case is one which properly calls for the favorable exercise of the court's power to order consolidation. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Alexander, JJ.