■ ROBERT RINAOLO et al., Respondents, v HOWARD BERKE et al., Appellants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 9, 1991, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction restraining defendants from blocking the corporate bank accounts and from interfering in the daily management of partnership restaurants, and the order of said court and Justice entered February 26, 1992, which, *inter alia,* granted plaintiffs' motion to stay arbitration, unanimously affirmed, without costs. The appeal from the interim order of said court and Justice, entered February 5, 1992, which declined to vacate a temporary restraining order prior to the court having the opportunity to read the papers submitted on the motion, is dismissed, without costs.

The pivotal distinction between the Shareholders' and Partnership Agreements, and the Management Agreement, which vested managerial authority in the plaintiffs, is that the former contains an arbitration clause whereas the latter expressly does not. Moreover, the Management Agreement included additional parties, and did not reference the Shareholders' Agreement. The various agreements executed by the parties are not "so inextricably interwoven" as to render the arbitration clause contained in the Shareholders' Agreement applicable to the Management Agreement *(see, Matter of Calvin Klein Co. [Minnetonka, Inc.],* 88 AD2d 503, 504). Rather, the respective agreements are mutually exclusive and unrelated, and an agreement to arbitrate must not depend upon implication or subtlety *(Matter of Waldron [Goddess],* 61 NY2d 181, 183-184).

Defendants' blocking of the corporate accounts constituted an irreparable injury and warranted the grant of the preliminary injunction *(see, Interfaith Med. Ctr. v Shahzad,* 124 AD2d 557; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13). The court properly having balanced the equities with the standard of fiduciary duties *(see, Rapoport v Schneider,* 29 NY2d 396, 400, 403), it cannot be said that the court abused its discretion in fixing the amount of the undertaking *(Congress Talcott Corp. v Pacemakers Trading Corp.,* 161 AD2d 554; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.11). In conclusion, defendants, by initially cross-moving for arbitration, obviated the service provisions of CPLR 7503 (c) *(County of Sullivan v Edward L. Nezelek, Inc.,* 42 NY2d 123, 126-127). Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.