[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pawtucket Mutual Insurance Company seeks a judgment declaring that there is no obligation on its part, as insurer of James V. Martin, to arbitrate the issue of whether the insured is entitled to prejudgment interest on an underinsured motorist settlement. As a consequence, Pawtucket Mutual also asks that this court declare that arbitrators who were previously selected in this matter are without jurisdiction to arbitrate the claim of James V. Martin. Jurisdiction in the Superior Court is pursuant to G.L. 1956 (1985 Reenactment) §§ 9-30-1 and 9-30-2.
FACTS/TRAVEL
The parties have agreed to and stipulated to the following facts. On May 19, 1988, Martin was involved in an accident with a motorist who was underinsured. The parties disagree as to when Pawtucket Mutual should have learned of the underinsured motorist claim, but it was in October of 1990 at the latest.
On February 1, 1991, Martin demanded the policy limits of $300,000 for his underinsured motorist claim. Pawtucket Mutual refused to settle and on April 18 and May 10, Martin's attorney sent letters demanding arbitration.
Martin's insurance policy provides for arbitration when the insurance carrier and the insured do not agree, "1. Whether that person is legally entitled to recover damages under this part: or 2. As to the amount of damages." The policy goes on to say that under these circumstances:
 a. either party shall make a written demand for arbitration. In this event, each party shall select an arbitrator. The two arbitrators shall select a third . . ."
Pursuant to the above provisions, an arbitration was scheduled for October 10, 1991 but was continued at Pawtucket Mutual's request so that it could conduct an independent medical exam. The arbitration was continued until November 8, 1991 but on October 30th, Pawtucket Mutual offered the $300,000 underinsured motorist policy limit by letter. That same offer had been made by telephone a week earlier but was rejected. Martin rejected this written offer as well.
On November 8th, the day the arbitration was scheduled for hearing, Pawtucket Mutual's party appointed arbitrator was unavailable. Subsequently, Mutual took the position that it was no longer obligated to arbitrate since it had offered the policy limits.
Pawtucket Mutual argues that the insurance contract compels arbitration in two situations: 1) when there is a dispute as to whether a person is, "legally entitled to recover damages," (i.e. — liability) and 2) when there is a dispute, "as to the amount of damages" (i.e. damages). Since Pawtucket Mutual offered the policy limits, it argues there can no longer be a dispute as to liability or damages. Therefore Martin cannot compel arbitration. Martin argues that he is entitled to prejudgment interest according to Rhode Island case law. Further, Martin argues that prejudgment interest is an element of damages and is therefore arbitrable under the insurance policy.
This court agrees with Pawtucket Mutual's reading of the contract. For the reasons set out below, Pawtucket Mutual's petition for declaratory judgment is granted.
THE INSURANCE CONTRACT
This court disagrees with respondent's interpretation of the contract. While it is true that ambiguity in an insurance contract should be construed against the insurer, this court finds no ambiguity in this insurance contract. A court should not, through an effort to seek out ambiguity, make an insurer assume a liability not imposed by the policy. McGowan v.Connecticut General Life Insurance Co., 289 A.2d 428, 429 (1972); Mullins v. Federal Dairy Co., 568 A.2d 759, 762 (R.I. 1990). The courts must abjure unnecessary mental gymnastics which give the terms of the policy a forced or distorted construction.Gleason v. Merchants Mutual Insurance Co., 589 F. Supp. 1474, 1481 (1984).
Respondent's portrayal of the arbitration clause in Part C of the policy is deceiving. That section says, "Unless both parties agree otherwise, arbitration will take place in the county in which the `insured' lives." Taken as a whole, the emphasis of this sentence is on the location of the arbitration. The adverb phrase, "in the county," modifies the verb phrase, "will take place." Respondent would have this court read the sentence without the adverb phrase modifier. He essentially argues that the sentence should be read as follows: "Unless both parties agree otherwise, arbitration will take place." Needless to say, respondent's interpretation is misplaced. "A policy is not to be described as ambiguous because a word is viewed in isolation or a phrase taken out of context." McGowan, 289 A.2d at 429.
This court finds no ambiguity in the insurance contract. "It is well settled under Rhode Island law that when the terms of an insurance policy are found to be clear and unambiguous, judicial construction is at an end. The contract terms must be applied as written and the parties bound by them." Amica Mutual InsuranceCo. v. Streiker, 583 A.2d 550 (R.I. 1990), Malo v. AetnaCasualty and Surety Co., 449 A.2d 954, 956 (R.I. 1983). Accordingly, we disagree with respondent's contention that once an arbitrator is chosen, the arbitration must go forward.
CASE LAW
Respondent cites no cases that persuade this court that he may compel arbitration on the issue of prejudgment interest alone. It is true that arbitrators have the authority and are encouraged to award interest in Rhode Island even where interest is not claimed. Westminster Construction Corp. v. P.C.G.Industries, Inc. 376 A.2d 708, 711 (1967); Waradyin v. AetnaCasualty and Surety Company, 570 A.2d 649, 651 (R.I. 1990). Arbitrators may even award prejudgment interest in excess of the insurance policy limits. Sentry Insurance Company v. Grenga,556 A.2d 998 (R.I. 1989).
In all of the aforementioned cases, however, such prejudgment interest was added to an award by the arbitrator. In Paola v.Commercial Union Assurance Companies, 961 A.2d 935 (R.I. 1983), the court held that, "arbitrators should add prejudgment interestto their awards," unless specified otherwise. Paola, 461 A.2d at 937. (Emphasis added). The court has made no provision for prejudgment interest absent some kind of award. That thePaola court required an arbitration award as a prerequisite to prejudgment interest is evidenced by its reference to the Interest In Civil Actions statute. G.L. 1956 (1991 Reenactment) §9-21-10. The court, quoting from that statute, pointed out that prejudgment interest was to be added in, "[a]ny civil action in which a verdict is rendered or decision made for pecuniary damages . . ." Id. The damages award is thus a prerequisite to the prejudgment interest award.
Respondent refers to two cases from outside Rhode Island to support his argument. The first one, Polito v. ContinentalCasualty Company, 689 F.2d 457 (3rd Cir. 1982), dealt with an appeal from a final judgment on a tort claim. The insurer had refused to pay for building content loss due to a fire. Polito
at 460. At trial, the jury was instructed on the tort claim but not on the breach of contract claim. Id. The court held that the jury should have been instructed on breach of contract and,if that cause of action was successful, the court should have added prejudgment interest. Id. 462. Once again, the prejudgment interest hinged on a prior award.
The second case, May, Inc. v. Albany Housing Authority, 369 N.Y.S.2d 833 (1975), was an appeal of a motion for summary judgment to recover interest. The court held, inter alia, that the, "money was wrongfully and vexatiously withheld." May, 369 N.Y.S.2d at 834. Therefore, the contractor in that case could sue for interest despite the fact that he did not bring an action for principal due. Id. There is no allegation of bad faith on the part of Pawtucket Mutual. May can therefore be distinguished from the case at bar.
The major distinction between the two cases cited and the instant case is that Polito and May did not deal with agreements to arbitrate. The plaintiffs in those cases were not seeking to compel arbitration but were attempting to recover the interest directly. The reasoning of those courts is simply not applicable to this case.
Finally, Martin relied on an insurance treatise to show that interest may be the sole remaining issue in dispute before an arbitrator. He has misread the section he quotes. It refers to, "whether and when the claim becomes overdue." In other words, an arbitrator may decide the sole issue of whether the interest was paid on time. No-Fault and Uninsured Motorist AutomobileInsurance, Sec. 15.10 [2][e] at p. 15-36 (1991). Moreover, the author points out that such authority is generally established by statute or regulation. The case before this court deals with an arbitration clause.
An arbitrator's authority is limited by the conditions or terms mutually agreed upon in the arbitration clause of the contract. Bush v. Nationwide Mutual Insurance Co.,448 A.2d 782, 784 (R.I. 1982); Mobile Oil Corp. v. Local 8-766, Oil.Chemical Atomic Workers International Union, 600 F.2d 322 (1st Cir. 1979); Grover v. Universal Underwriters Insurance Co.,80 N.J. 221, 403 A.2d 448 (1979); County of Sullivan v. Edward L.Neglect. Inc., 42 N.Y.2d 123, 366 N.E.2d 72, 397 N.Y.S.2d 371 (1977). Therefore, this court need look no further than the arbitration clause of the Pawtucket Mutual's insurance contract with Martin to determine whether Martin may arbitrate in this case. As was stated above, the contract provides for arbitration when there is a dispute as to either of two issues: 1) liability and/or; 2) damages.
Not even Martin would argue that liability is in dispute. By offering the $300,000 policy limits, Pawtucket Mutual has admitted that it is liable to Martin under its underinsured motorist provision.
The only question that remains is whether a dispute as to damages still exists. There is no dispute as to damages. Prejudgment interest is not an element of damages given the history of this case. Andrade v. State, 448 A.2d 1293, 1295 (R.I. 1982), Balian v. Allstate Insurance Company,610 A.2d 546, 550 (R.I. 1992).
For the reasons set out above, this court declares that there is no obligation on the part of Pawtucket Mutual Insurance Company to arbitrate the issue of prejudgment interest and that the arbitrators previously selected in the matter are without jurisdiction to proceed.
Counsel shall submit the appropriate judgment for entry.