■ In the Matter of CONTINENTAL ENERGY ASSOCIATES, Appellant, v ASEA BROWN BOVERI, INC., et al., Respondents. [596 NYS2d 416] —Order, Supreme Court, New York County (Norman C. Ryp, J.), entered February 24, 1992, which insofar as appealed from, denied petitioner's application to consolidate two arbitration proceedings, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in denying consolidation of the arbitration proceedings on the ground that such would alter the framework in which the parties agreed to arbitrate their disputes. Although there is a "commonality of context" out of which the two sets of claims arose *(County of Sullivan v Edward L. Nezelek, Inc.,* 42 NY2d 123, 129), the arbitration clauses in the parties' two agreements differ substantially with respect to the procedure for selecting arbitrators and the manner in which the award is to be rendered. To grant consolidation would be to rewrite these

provisions *(see, Matter of Stewart Tenants Corp. [Diesel Constr. Co.],* 16 AD2d 895, 896; *Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuffs Import & Export Corp.,* 159 AD2d 190, 195).. Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.