OPINION OF THE COURT
Martin J. Schulman, J.
Petitioner seeks an order pursuant to CPLR 7503 directing all of the above parties to binding arbitration.
Respondent Silverite Construction Co., Inc. has submitted an affirmation in opposition which seeks dismissal on the ground that the subcontract between it and petitioner specifically exempts arbitration under the circumstances herein. Respondents Triborough Bridge and Tunnel Authority and Metropolitan Transportation Authority separately cross-move for dismissal on the ground that no contractual agreement exists between these parties and petitioner upon which arbitration could be compelled.
In November 1993, petitioner East Coast Services, Inc. was retained as the asbestos abatement subcontractor by respondent Silverite Construction Co., Inc., the prime contractor on a rehabilitation project on respondent Triborough Bridge and Tunnel Authority’s Queens Midtown Tunnel, pursuant to a contract entered into between respondents Silverite and the Triborough Bridge and Tunnel Authority.
Respondent Metropolitan Transit Authority is the "parent” organization of respondent Triborough Bridge and Tunnel Authority.
The subcontract between petitioner and respondent Silverite requires arbitration of all disputes between them in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, unless mutually agreed to otherwise.
At issue is a provision in that subcontract which exempts from arbitration any claim which has been asserted by the *228 subcontractor against the contractor where the contractor asserts that claim in whole or in part against the owner, and when the contract between the contractor and the owner does not provide for binding arbitration.
The prime contract between respondents Triborough Bridge and Tunnel Authority and Silverite does not provide for arbitration in accordance with the American Arbitration Association. That contract contains provisions for alternative dispute resolution, wherein both parties submit their disputes to a Contractual Dispute Review Board. The agreement provides that the Contractual Dispute Review Board shall be comprised of officers and employees of Metropolitan Transportation Authority, and/or its affiliate agency, other than the Triborough Bridge and Tunnel Authority.
On or about September 29, 1994, the Triborough Bridge and Tunnel Authority rescinded its approval of petitioner as the asbestos abatement subcontractor as a result of certain alleged violations of the contractually required procedures and approved work plan.
In November 1994, respondent Silverite challenged the propriety of the Triborough Bridge and Tunnel Authority’s refusal to reinstate its approval of petitioner by filing a notice of dispute as required in its contract with the Triborough Bridge and Tunnel Authority. That notice of dispute sought a determination that the Triborough Bridge and Tunnel Authority acted incorrectly in rescinding its approval of petitioner.
To date, there has been no resolution of the dispute between Silverite and the Triborough Bridge and Tunnel Authority. The court file contains a copy of a letter dated December 7, 1994 from counsel for Silverite to counsel for the Triborough Bridge and Tunnel Authority which states, "This will confirm that the Triborough Bridge and Tunnel Authority’s time to respond to the Notice of Dispute has been adjourned sine die. In the event either party decides to proceed with the dispute resolution procedure it will give thirty (30) days notice to the other party.” As all negotiations between respondents Silverite and Triborough Bridge and Tunnel Authority appear to have ceased, petitioner seeks a court order to compel all of the parties to arbitration in order to resolve this dispute.
As to respondents Triborough Bridge and Tunnel Authority and Metropolitan Transportation Authority, those cross motions to dismiss the petition are granted. The plain language of the subcontract reveals that no contractual rela *229 tionship exists between these respondents and petitioner. It is well settled that a party will not be compelled to arbitration absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. (Matter of Waldron [Goddess], 61 NY2d 181; Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1; see also, Matter of Marlene Indus. Corp. [Carnac Textiles] 45 NY2d 327.) The agreement must be clear, explicit and unequivocal. (Matter of Waldron [Goddess] supra.) Respondents Triborough Bridge and Tunnel Authority and Metropolitan Transportation Authority, having made no agreement to arbitrate with petitioner, cannot be compelled to submit to arbitration. Absent clear language to the contrary, the arbitration agreement between petitioner and Silverite may not be extended to include others not party to that agreement. (See, Matter of County of Rockland [Primiano Constr. Co.] 51 NY2d 1.)
The court also finds that respondent Silverite cannot be compelled to submit to arbitration with petitioner. Article 14.2 (b) of the subcontract between petitioner and respondent Silverite explicitly exempts from arbitration any claim which has been asserted by the subcontractor against the contractor where the contractor asserts that claim in whole or in part against the owner, and when the contract between the contractor and the owner does not provide for binding arbitration. In seeking to compel this arbitration, petitioner (the subcontractor) would be effectively asserting the same claim against Silverite (the contractor) which Silverite (the contractor) has already asserted against the Triborough Bridge and Tunnel Authority (the owner). In its notice of dispute, Silverite has already requested the Triborough Bridge and Tunnel Authority to withdraw its rescission of approval and has sought a determination that the Authority acted incorrectly. Petitioner’s assertion that it has "numerous and potent defenses and issues to raise” is insufficient in that it does not identify or clarify these issues to the court. In addition, the prime contract does not provide for binding arbitration. Under the circumstances, since petitioner would be asserting the same claim against the contractor which the contractor already asserted against the owner, and the contract between the contractor and the owner does not provide for binding arbitration, article 14.2 (b) precludes arbitration between the parties.
The court notes that petitioner itself has acknowledged in its supplemental affirmation that any arbitration between *230 petitioner and respondent Silverite would be "utterly meaningless,” as the Triborough Bridge and Tunnel Authority is a necessary party to any determination relating to petitioner’s termination. For all of the above reasons, that part of the petition which seeks to compel respondent Silverite to binding arbitration is denied.
Petitioner’s alternative request to consolidate the arbitration hearing required by the subcontract with the alternative dispute resolution hearing required by the prime contract cannot be effectuated. The two arbitration agreements differ substantially, despite the "commonality of context” out of which these claims arise. (See, County of Sullivan v Edward L. Nezdak, Inc., 42 NY2d 123.) The two proceedings differ technically and procedurally, with regard to the selection of the decision makers, procedures of the arbitrators, scope and authority of judicial review and court enforcement of the specific arbitration awards. The contracting parties have agreed upon specific arbitral forums and procedures. To impose a different forum and other procedures upon either one of them would be to rewrite one contract or the other, in contravention of the separate agreements of the parties. (See, Matter of Continental Energy Assocs. v ASEA Brown Boveri, 192 AD2d 467; Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuffs Import & Export Corp., 159 AD2d 190; Matter of Stewart Tenants Corp. [Diesel Constr. Co.], 16 AD2d 895.)
While the court is cognizant that the failure of the main contractor to proceed in pursuing its claim against the owner has left the subcontractor in a tenuous position, petitioner is not left without legal remedy. Petitioner may still pursue an action at law, whereby all parties may enter the judicial arena and have their claims resolved.