■ SCOTT M. YAFFE et al., Respondents, v MINTZ & FRAADE, P. C., Appellant, et al., Respondent. [704 NYS2d 467] —Order, Supreme Court, New York County (Carol Huff, J.), entered December 16, 1998, which granted the petition to consolidate petitioners' pending arbitration proceedings, unanimously affirmed, with costs.

The court properly exercised its discretion in consolidating the arbitration proceedings, all of which involved claims that respondent failed to compensate petitioners in accordance with their "of counsel" contracts (see, County of Sullivan v Edward L. Nezalek, Inc., 42 NY2d 123, 128-129). Respondent's claim that it was substantially prejudiced in the arbitration proceeding by the consolidation order is not properly before the Court as being dehors the record on appeal. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.

■ In the Matter of LEAGUE OF AMERICAN THEATRES & PRODUCERS, INC., Appellant, v ALEXANDER H. COHEN et al., Respondents. [704 NYS2d 467] —Order, Supreme Court, New York County (Herman Cahn, J.), entered August 30, 1999, which, inter alia, denied petitioner's application for a permanent stay of arbitration and directed the parties to proceed to arbitration, unanimously affirmed, with costs.

The parties were properly directed to proceed to arbitration. Arbitration agreements are favored in the law, and, accordingly, arbitration should not be stayed unless the arbitration clause cannot be reasonably interpreted to cover the disputed matter (see, Harriman Group v Napolitano, 213 AD2d 159, 163, citing Coudert v Paine Webber Jackson & Curtis, 705 F2d 78, 81, citing United Steelworkers v Warrior & Gulf Nav. Co., 363 US 574, 582-583). Respondent's claims, properly construed, sound in breach of contract (see, IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp., 152 AD2d 451, 453) and, having accrued within six years of the demand for arbitration, are timely. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.