■ In the Matter of EAST MEADOW UNION FREE SCHOOL DISTRICT, Appellant, v EAST MEADOW TEACHERS ASSOCIATION, Respondent. [777 NYS2d 140]—

In a proceeding, inter alia, to consolidate two pending arbitration proceedings, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 28, 2003, as denied that branch of the petition which was to consolidate the two pending arbitration proceedings.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the petition which was to consolidate the two pending arbitra-

tion proceedings is granted, and the two pending arbitration proceedings are consolidated.

The petitioner, East Meadow Union Free School District (hereinafter the district), and the respondent, East Meadow Teachers Association (hereinafter the union), are engaged in a dispute over the district's right, under certain conditions, to assign high school teachers to teach more than five class periods per day. The teachers potentially affected by the outcome of the dispute work in two geographically separate facilities.

The union treated its grievance relating to the number of class periods that may be assigned to the high school teachers employed by the district as if it consisted of two separate grievances, one relating to each of the district's two high schools. In contrast, the district sought to consolidate these two parallel proceedings. The Supreme Court, while denying this relief, ordered the two disputes to be the subject of a hearing before a single arbitrator.

Under the circumstances of this case, consolidation was clearly warranted under the criteria set forth in *County of Sullivan v Edward L. Nezelek, Inc.* (42 NY2d 123 [1977]; *see Yaffe v Mintz & Fraade,* 270 AD2d 43 [2000]; *cf. Matter of Continental Energy Assoc. v ASEA Brown Boveri,* 192 AD2d 467 [1993]). Accordingly, that branch of the petition which was to consolidate the two pending arbitration proceedings should have been granted. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.