■ In the Matter of EDITH M. KALLAS et al., Appellants, et al., Petitioner, v MILBERG WEISS LLP, Formerly Known as MILBERG WEISS, Respondent. In the Matter of DAVID J. BERSHAD, Respondent, v EDITH M. KALLAS et al., Appellants, et al., Respondent. In the Matter of STEVEN G. SCHULMAN, Respondent, v EDITH M. KALLAS et al., Appellants, et al., Respondent. In the

Matter of MILBERG LLP et al., Respondents, v EDITH M. KALLAS et al., Appellants, et al., Respondent. [876 NYS2d 389]—

Orders, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 2, May 6 and August 26, 2008, which denied the motions by appellants Kallas, Clark-Weintraub and Guglielmo for consolidation of these related arbitration proceedings, and granted in part the motions by the Milberg parties for stay of arbitration, unanimously reversed, on the law, without costs, consolidation granted, stay of arbitration denied and the question of timeliness of the fraudulent inducement claims by Kallas and Clark-Weintraub referred to the arbitrators for determination.

The Milberg law firm and some of its former partners are engaged in a dispute concerning, in part, appellants' entitlement to a share in the counsel fees awarded by a federal court in connection with certain litigation. Appellants and the firm have demanded arbitration under Milberg's partnership agreement, but the court declined appellants' petition to consolidate the proceedings. It is well settled that "there is judicial power to order consolidation of arbitration proceedings" (*County of Sullivan v Edward L. Nezelek, Inc.*, 42 NY2d 123, 127 [1977]; *see also Matter of John W. Cowper Co. [Hires-Turner Glass Co.]*, 51 NY2d 937 [1980]; *Yaffe v Mintz & Fraade*, 270 AD2d 43 [2000]). Although arbitrations arising under separate agreements are not generally consolidated, the proceedings before us not only arise from the same partnership agreement and involve common issues of law and fact (*see* CPLR 602 [a]), but there is a possibility that separate arbitrations could result in inconsistent rulings. Under these circumstances, the court improvidently denied consolidation.

The fraudulent inducement claims by Kallas and Clark-Weintraub are clearly subject to arbitration under the firm's partnership agreement; but that agreement makes no mention of timeliness, nor does it expressly incorporate New York law. Questions relating to time limits are generally within the province of the arbitrators (*see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252 [2005]). Since they will need to resolve the fraudulent inducement claim by Guglielmo, which Milberg has conceded is arbitrable, and it cannot be said that the claims by Kallas and Clark-Weintraub are not intertwined with the other substantive questions raised

by appellants, the court should have left to the arbitrators the issue of timeliness of the fraudulent inducement claims by the remaining appellants. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.