**Crumiller P.C. v Reavis Page Jump LLP**

2025 NY Slip Op 30150(U)

January 14, 2025

Supreme Court, New York County

Docket Number: Index No. 156274/2024

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. VERNA L. SAUNDERS, JSC**          PART    36

*Justice*

-----------------------------------------------------------------------X

CRUMILLER P.C.,

                                    Petitioner,

                    - v -

REAVIS PAGE JUMP LLP,

                                    Respondent.

-----------------------------------------------------------------------X

INDEX NO.              156274/2024

MOTION SEQ. NO.        001; 002

DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2

were read on this motion to/for                    **ATTORNEY FEES**                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for                    **COMPEL ARBITRATION**                    .

Petitioner CRUMILLER P.C. ("Crumiller" or "petitioner") commenced this action against REAVIS PAGE JUMP LLP ("RPJ" or "respondent") seeking an order, pursuant to NY Jud Law § 475, "fixing and enforcing its attorney's lien, or, in the alternative, equitably restoring the parties based on RPJ's unjust enrichment, in the amount of $75,068.75." Petitioner also seeks sanctions against respondent pursuant to Rule 130, based on respondent's alleged disregard of petitioner's lien (NYSCEF Doc. No. 1, *petition*) (Mot. Seq. 001).

In support of its application, petitioner submits a letter dated July 17, 2023, addressed to respondent, wherein petitioner claimed that, on or about January 10, 2022, John Beranbaum, Esq. joined respondent as a partner, bringing with him several cases which petitioner had performed work on, on a contingency basis. In said letter, petitioner asserted a charging lien on the recoveries of seven (7) of these cases. Annexed to its letter, petitioner provided time entries for the work allegedly performed on the subject cases (NSYCEF Doc. No. 3).

Respondent moves, pursuant to CPLR 7503(a) and 2201, "to compel petitioner to mediation and arbitration, and to stay this proceeding (NYSCEF Doc. No. 7, *notice of motion*). Respondent argues that pursuant to an employment agreement dated January 29, 2021 (NYSCEF Doc. No. 10, *employment agreement*), petitioner and its former employee/partner John A. Beranbaum, Esq., agreed to mediate, and if necessary, arbitrate, any employment dispute between Crumiller and Beranbaum. In January 2022, Beranbaum left Crumiller and joined RPJ, as counsel to the firm. Crumiller later claimed that it was owed monies from Beranbaum based on his former employment agreement based on fee-sharing and revenue-splitting arrangements on cases that Beranbaum had brought to Crumiller, certain of which he had then brought to RPJ. Beranbaum and respondent deny these claims.

[* 1]

Petitioner opposes respondent's motion and cross-moves, pursuant to 22 NYCRR § 130-1.1(a), for attorney's fees and/or sanctions against respondent for what it purports is the filing of a frivolous motion (NYSCEF Doc. No. 12, *notice of cross-motion*).

RJP argues that, insofar as the dispute at issue here is primarily whether Crumiller is owed any fees or revenues based on litigation or settlement recoveries relating to cases Beranbaum took with him from Crumiller to RPJ, it falls within the mediation/arbitration provision of the employment contract between petitioner and Beranbaum, which states, in pertinent part:

"In the event there is a dispute the parties are unable to resolve through good-faith efforts, which they agree to try first, then the parties agree to mediation. In the event mediation is unsuccessful, then the parties agree to arbitration. Any dispute shall be governed by the laws of New York." (NYSCEF Doc. No. 10, at § VI.1).

RJP further asserts that, although RJP was not a signatory to the employment agreement, it is nevertheless entitled to invoke and enforce said provision since a nonsignatory to an agreement may compel a signatory to that agreement to arbitrate where the dispute is intertwined with the agreement that the estopped party has signed. Additionally, RJP argues that, in the interest of justice, the court should stay this proceeding until a resolution is reached between Crumiller and Beranbaum, either in mediation or, if necessary, in arbitration (NYSCEF Doc. No. 8, *memorandum of law*).

In opposition, petitioner claims, among other things, that the agreement does not govern, nor does it relate in any way, to the firm's statutory lien claim. Additionally, petitioner maintains that, notwithstanding respondent's claim that the facts are closely intertwined so as to warrant arbitration, RPJ's failure to allege sufficient relational sufficiency between Crumiller and RPJ to trigger the estoppel exception is fatal to its motion. Petitioner also asserts that RJI's factual misrepresentations to the court with respect to petitioner's conduct and the assertions made over the course of the dispute warrant sanctions (NYSCEF Doc. No. 13, *affirmation*).

In reply and in opposition to the cross-motion, respondent contends that mediation or arbitration is appropriate because it will unquestionably impact the validity and/or the amount of the purported lien. Thus, respondent maintains that, at a minimum, this court should stay the action pending mediation/arbitration of the underlying dispute in an effort to streamline the issues before this court. Furthermore, respondent refutes petitioner's claim that it engaged in any frivolous conduct warranting sanctions (NYSCEF Doc. No. 20).

Arbitration is a matter of contract (see *Thomson–CSF, S.A. v. American Arbitration Assn.*, 64 F3d 773, 776 [2d Cir.1995]) "grounded in agreement of the parties" (*County of Sullivan v Edward L. Nezelek, Inc.*, 42 NY2d 123, 128 [1977]), and thus, a nonsignatory to an agreement is generally not subject to arbitration agreements (see *Belzberg v Verus Investments Holdings, Inc.*, 21 NY3d 626, 630 [2013]; see *Gilat v Sutton*, 220 AD3d 569, 569 [1st Dept 2023].)

156274/2024   CRUMILLER P.C. vs. REAVIS PAGE JUMP LLP
Motion No.  001 002

Page 2 of 4

Here, respondent relies on case law holding that "[u]nder principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute where a careful review of the relationship among the parties, the contracts they signed ..., and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed" (*Ragone v Atlantic at Manhattan Center d/b/a MCP-AV, Inc.*, et al., 595 F3d 115, 126-127 [2d Cir. 2010] [internal quotation marks and citations omitted].) However, although respondent makes a colorable argument that petitioner's claims, i.e., the recovery of monies due pursuant to a fee-sharing/revenue sharing arrangement, are connected to the arbitration agreement between petitioner and Beranbaum, respondent has failed to establish that this alone is sufficient to compel petitioner to arbitrate the claims herein. Specifically, respondent has failed to show or even allege that there is "a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement." (*Ragone v Atlantic at Manhattan Center d/b/a MCP-AV, Inc.*, et al., 595 F3d at 127, quoting *Sokol Holdings, Inc. v BMB Munai, Inc.*, 542 F3d 354, 359 [2d Cir 2008]). Therefore, that branch of the motion seeking to compel arbitration is denied.

CPLR 2201 provides, in relevant part, that "[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." Insofar as this court lacks jurisdiction over all parties that would be subject to mediation and/or arbitration pursuant to the subject employment agreement, this court finds that that branch of the motion seeking to stay the instant proceeding is hereby denied. Upon consideration of the additional arguments advanced, petitioner's cross-motion seeking sanctions is also denied.

The petition (Mot. Seq. 001) is granted to the extent it seeks that the matter be set for a hearing to determine what damages, if any, Crumiller is entitled to as against respondent. The matter shall be referred to a special referee to hear and determine. Accordingly, it is hereby

**ORDERED** that respondent's motion is denied in its entirety; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for petitioner shall serve a copy of this decision and order, with notice of entry, upon respondent; and it is further

**ORDERED** that petitioner's application is granted, to the extent it seeks that the matter be set for a hearing to determine the amount of damages, in any, petitioner is entitled to based on its claims against respondent; and it is further

**ORDERED** that this application shall be referred to a special referee to hear and determine; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for petitioner shall serve a copy of this decision and order, with notice of

156274/2024   CRUMILLER P.C. vs. REAVIS PAGE JUMP LLP
Motion No. 001 002

Page 3 of 4

entry, upon defendant and the Special Referee Clerk, as well as the Clerk of the Court, who shall enter judgment according; and it is further

**ORDERED** that service upon the Special Referee Clerk and the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this court.

___January 14, 2025___

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☒ REFERENCE |

**156274/2024   CRUMILLER P.C. vs. REAVIS PAGE JUMP LLP**
Motion No.  001 002

Page 4 of 4

[* 4]