Mouli v Stern (2025 NY Slip Op 01872)

Mouli v Stern

2025 NY Slip Op 01872

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 652718/23|Appeal No. 3353|Case No. 2024-01424|

[*1]Pravin Mouli, Plaintiff-Appellant,
v
Michael Stern, Defendant-Respondent.

Barclay Damon LLP, New York (Michael J. Lane of counsel), for appellant.
Beys Liston & Mobargha LLP, New York (Joshua D. Liston of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about February 6, 2024, which granted defendant's motion to compel arbitration and for a stay of this action, unanimously affirmed, without costs.
Supreme Court properly granted defendant's motion to compel arbitration and for a stay of this action, as the parties delegated issues of arbitrability to the arbitrator. The parties' assignment agreement contains a broad arbitration provision incorporating the rules of the American Arbitration Association and expressly providing that the threshold issue of arbitrability with respect to the repayment of funds at issue would be decided by the arbitrator. Where, as here, the parties "explicitly incorporate rules that empower the arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator" (Contec Corp. v Remote Solution, Co., Ltd., 398 F3d 205, 208 [2d Cir 2005]; see Schindler v Cellco Partnership, 200 AD3d 505, 505-506 [1st Dept 2021]). Indeed, where the relevant contract (here, the assignment agreement) "delegates the arbitrability question to an arbitrator," the court "possesses no power to decide the arbitrability issue,"' even when "the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless" (Henry Schein, Inc. v Archer & White Sales, Inc., 586 US 63, 68-69 [2019]; see Matter of Weinrott [Carp], 32 NY2d 190, 196 [1973] ["A broad arbitration agreement reflects a general desire by the parties to have all issues decided speedily and finally by the arbitrators."]).
Because the threshold issue on appeal is who should decide the issue of arbitrability, plaintiff's contentions regarding the merits—both as to arbitrability and the parties' substantive dispute—thus miss the mark. Under the correct procedure, courts will "perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration" (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 96 [1975]). Once it appears that there is a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" (id.). Supreme Court properly conducted this initial screening process, leaving the threshold question of arbitrability to the arbitrator.
Furthermore, as plaintiff concedes, he entered the assignment agreement to recover the funds that were owed to him under a separate guaranty. Accordingly, plaintiff's arguments that the assignment agreement existed entirely independently from the guaranty agreement and that these agreements were not "inextricably interwoven" are unavailing (cf. Rinaolo v Berke, 188 AD2d 297, 297 [1st Dept 1992]).
Plaintiff also argues that the assignment agreement was fraudulently [*2]induced, and that he should not be bound by the arbitration provision contained within it. However, agreements to arbitrate are severable from the overall contract in which they appear (see Wu v Uber Tech., Inc., — NY3d &mdash, 2024 NY Slip Op 05869, *7 [2024]; see also Coinbase, Inc. v Suski, 602 US 143, 150-151 [2024]). A party trying to avoid an arbitration clause must therefore show that the arbitration clause itself, not the overall agreement, was procured through fraud or is otherwise unenforceable (see Wu, 2024 NY Slip Op 05869, *7; see also Rent-A-Center, W., Inc. v Jackson , 561 US 63, 70-72 [2010]). As plaintiff's assertions of fraudulent inducement relate to the assignment agreement's other substantive provisions rather than the arbitration clause itself, Supreme Court properly declined to address this issue (see e.g. Matter of Weinrott [Carp], 32 NY2d at 197-199).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025